■ NICHOLAS GONZALEZ, Respondent, v RUTH SACKMAN et al., Appellants.—Order, Supreme Court, New York County (Carol Huff, J.), entered on or about January 30, 1992, denying in part defendants' motion for summary judgment dismissing the complaint in this defamation action, unanimously modified, on the law, and defendants' motion for summary judgment is granted, and otherwise affirmed, without costs. The clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff is a physician licensed to practice medicine in New York. Defendant Ruth Sackman is the director of defendant The Foundation for Advancement in Cancer Therapy (FACT), which is a non-profit organization that provides information about alternative treatments for cancer. The complaint asserted that defendant Sackman made statements in the presence of others concerning the unsatisfactory results of plaintiff's approach to cancer treatment. It was further alleged that those statements were false and defamatory.

The trial court granted defendants' motion for summary judgment to the extent of dismissing certain of the statements that the court found to be expressions of pure opinion. The court stated that factual issues existed as to the remaining statements that it deemed to be actionable.

In *McGill v Parker* (179 AD2d 98), this Court reiterated the four factors determinative in separating protected opinion from actionable fact in defamation cases: whether the specific language at issue has a precise meaning readily understood or is indefinite and ambiguous; whether it is capable of being objectively viewed as true or false; consideration of the full context of the communication in which the statement is made; and consideration of the broader social context surrounding the communication, including the existence of any applicable customs or conventions which might alert a listener that he is hearing opinion, not fact.

Here, the trial court should have found that all the quoted statements were protected opinion. Defendants state, and it is not disputed, that FACT's approach in supporting cancer treatments is "controversial and subject to debate" in that it "differs from the conventional wisdom of the traditional medical establishment". FACT is also said to be premised on the

belief that the current concepts of cancer treatment must be re-evaluated and alternative methods explored. In this context of experimental medical approaches, defendant Sackman's statements cannot be viewed as being based on any objective criteria; they were merely expressions of the speaker's opinions. Concur—Murphy, P. J., Milonas, Rosenberger, Ross and Smith, JJ.