■ WARLOCK ENTERPRISES et al., Appellants, v CITY CENTER ASSOCIATES et al., Defendants, and HARRY J. REIDLER, Respondent. [611 NYS2d 651] —In an action to recover damages for, *inter alia,* defamation, the plaintiffs appeal from an order of the Supreme Court, Orange County (Barone, J.), dated August 4, 1992, which granted the motion of the defendant Harry J. Reidler for summary judgment dismissing their second cause of action insofar as it is asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiffs contend that statements made by the respondent constitute slander *per se.* It is well established that words constitute slander *per se* if they impute the commission of a serious crime, a loathsome disease, unchaste behavior in a woman, or if they affect the plaintiff in his trade, occupation, or profession *(see, Liberman v Gelstein,* 80 NY2d 429, 435; *Privitera v Town of Phelps,* 79 AD2d 1, 3). When statements fall within one of these categories, the law presumes that damages will result, and they need not be alleged or proven *(see, Liberman v Gelstein, supra).*

Here, the respondent allegedly stated, "[Plaintiff] Frank Clark has threatened to kill my client, [defendant] John Nanasi. There will be no meeting if Clark is there." Assuming that the threat was genuine, it constituted harassment in the second degree pursuant to New York law *(see,* Penal Law § 240.26 [1]; *People v Dietze,* 75 NY2d 47, 52). Defined as a violation, harassment in the second degree is beyond the definition of slander *per se* because the harm to the reputation of a person falsely accused of it is insubstantial *(see, Liberman v Gelstein, supra,* at 436).

Moreover, the alleged statement is not actionable as a statement that affects Clark in his trade, business, or profession. The alleged statement, at worst, reflects generally upon Clark's character or qualities and does not relate to his trade, business, or profession *(see, Aronson v Wiersma,* 65 NY2d 592, 594). Balletta, J. P., Copertino, Hart and Krausman, JJ., concur.