■ ROBERT J. ZYSK, Appellant, v FIDELITY TITLE INS. CO. OF NEW YORK et al., Respondents. [790 NYS2d 135]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated December 3, 2003, as granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the causes of action in the complaint alleging defamation and denied his cross motion for summary judgment on those causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the course of a real estate closing, a dispute arose between

the plaintiff attorney for the sellers and the defendant title closer, Anne Marie Annexy, over certain fees. At some point in the transaction Annexy repeatedly shouted, "[y]ou ought to be ashamed of yourself," "[y]ou are disgraceful," and "[y]ou are disgusting." The plaintiff alleges that these statements have harmed his professional reputation.

Accepting the facts set forth in the complaint and the plaintiff's affidavit as true, and according him the benefit of every favorable inference, as we must on a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144, 151-52 [2002]; *Sokoloff v Harriman Estates Dev. Corp.,* 96 NY2d 409, 414 [2001]; *Lipton v Unumprovident Corp.,* 10 AD3d 703, 706 [2004]), we find that the plaintiff has failed to sustain a cause of action alleging slander per se.

The statements at issue did not imply behavior that was incompatible with the proper conduct of the plaintiff's profession and made no reference to a matter of significance and importance to the plaintiff's ability to practice law. As such, Annexy's statements did not fall within the "trade, business or profession" category of the slander per se rule (*see Liberman v Gelstein,* 80 NY2d 429, 436 [1992]; *Aronson v Wiersma,* 65 NY2d 592, 594 [1985]; *Warlock Enters. v City Ctr. Assoc.,* 204 AD2d 438 [1994]). The average listener would certainly understand Annexy's statements to be rhetorical hyperbole expressing her opinion of the plaintiff's character. Such statements are not actionable (*see Liberman v Gelstein, supra; Aronson v Wiersma, supra; Warlock Enters. v City Ctr. Assoc., supra; Gonzalez v Sackman,* 185 AD2d 117, 118 [1992]).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.