■ Arnold Weiss, Appellant, v Patrick Hotung et al., Respondents. [809 NYS2d 376]—

Appeal from an order of the Supreme Court, Erie County

(John Curran, J.), entered December 7, 2004. The order granted defendants' motion for summary judgment dismissing the third, fourth and fifth causes of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion for summary judgment in part and reinstating the fifth cause of action against defendant Violet Realty, Inc. and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action asserting causes of action for, inter alia, false arrest, false imprisonment and malicious prosecution. The other causes of action were previously dismissed (*Weiss v Hotung*, 309 AD2d 1231 [2003]), and defendants moved for summary judgment dismissing the remaining three causes of action. We conclude that Supreme Court properly granted those parts of defendants' motion seeking summary judgment dismissing the causes of action for false arrest and false imprisonment. "CPL 130.30 authorizes a court to issue a criminal summons *in lieu* of an arrest warrant and 'contemplates [the] defendant's appearance in obedience to process, rather than by physical custody' (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 130.10, at [534])" (*Reinhart v Jakubowski*, 239 AD2d 765, 766 [1997]). Here, the record establishes that plaintiff was never arrested or "held in actual custody by any law enforcement agency as a result of the charge . . . filed against [him]" (*Kramer v Herrera*, 176 AD2d 1241, 1241 [1991]). Thus, the causes of action for false arrest and false imprisonment were properly dismissed (*see Reinhart*, 239 AD2d at 766; *Kramer*, 176 AD2d 1241 [1991]; *Pritchett v State of New York*, 61 AD2d 1110 [1978]).

We further conclude that the court properly granted that part of defendants' motion for summary judgment dismissing the cause of action for malicious prosecution against defendants Patrick Hotung and Eugene Sloan. To establish a cause of action for malicious prosecution, plaintiff is required to show "four elements: (1) the initiation of a criminal proceeding by the defendant against the plaintiff, (2) termination of the proceeding in favor of the accused, (3) lack of probable cause, and (4) malice" (*Brown v Sears Roebuck & Co.*, 297 AD2d 205, 208 [2002]). Here there is nothing in the record, beyond mere conclusions and speculation, to suggest that those defendants lacked probable cause to initiate the criminal proceeding or acted with malice in doing so (*see Vail-Ballou Press v Tomasky*, 266 AD2d 662, 664 [1999]; *see also Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 132 [1999]).

We further conclude, however, that the court erred in granting that part of defendants' motion seeking summary judgment dismissing the cause of action for malicious prosecution against defendant Violet Realty, Inc. (Violet Realty), and we therefore modify the order accordingly. A "probable cause finding as to one entity does not compel such a finding as to the other where the facts and circumstances known to each defendant may be different" (*Brown*, 297 AD2d at 209). Upon our review of the record, we conclude that there is an issue of fact whether an employee of Violet Realty intentionally gave false information to the police, resulting in the commencement of the criminal proceeding against plaintiff (*cf. id.* at 210-212; *see generally Brown v Nassau County*, 306 AD2d 303 [2003]).

We have considered plaintiff's remaining contention and conclude that it lacks merit. Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Smith, JJ.