■ JAMES CAMMARATA, Respondent, v JANE CAMMARATA et al., Appellants. [878 NYS2d 163]—

In an action, inter alia, to recover damages for defamation, the defendants Wendy Kelly and Robert Barnett, Sr., appeal from so much of an order of the Supreme Court, Nassau County (McCarty III, J.), entered April 9, 2008, as denied those branches of their motion which were to dismiss the seventh cause of action and to impose sanctions against the plaintiff.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the seventh cause of action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff alleges in the seventh cause of action of the complaint that the defendant Robert Barnett, Sr., told officers of the Suffolk County Police Department that he threatened the life of the defendant Jane Cammarata and that the plaintiff stated "I'll get you, you are dead meat, you better look out." At the time this statement allegedly was made, the plaintiff and Jane Cammarata were involved in a matrimonial action. In the seventh cause of action, this was the only statement alleged to have been made by Barnett. The plaintiff further alleged in this cause of action that he was arrested, which resulted in his "being humiliated in his place of business, subject to ridicule, impairment of his reputation and standing in his community."

A claim alleging slander is not sustainable if special damages are not pleaded unless it falls within one of four exceptions that establish slander per se (see Liberman v Gelstein, 80 NY2d 429, 435 [1992]). One of the exceptions is that the statement alleged the commission of a serious crime (see Liberman v Gelstein, 80 NY2d at 435; Mohen v Stepanov, 59 AD3d 502 [2009]). Here, the sole statement attributed to Barnett did not allege the commission of a serious crime, and the plaintiff was required to plead special damages (see Liberman v Gelstein, 80 NY2d at 436). The plaintiff did not plead that he sustained special damages as a result of the statement made by Barnett but rather pleaded general allegations of injury to reputation, which is insufficient. Accordingly, the seventh cause of action should have been dismissed (see Galasso v Saltzman, 42 AD3d 310 [2007]).

The court did not improvidently exercise its discretion in denying the branch of the motion which sought the imposition of sanctions (see 22 NYCRR 130-1.1 [a]). Rivera, J.P., Balkin, Leventhal and Lott, JJ., concur.