■ STEPHEN NICHOLS, Appellant-Respondent, v XEROX CORPORATION et al., Respondents-Appellants. [899 NYS2d 524]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered July 10, 2009. The order granted in part defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying that part of the motion for summary judgment dismissing the malicious prosecution cause of action and reinstating that cause of action and by granting that part of the motion for summary judgment dismissing the misrepresentation cause of action and dismissing that cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action against his employer, defendant Xerox Corporation (Xerox), as well as his supervisor, defendant Robert Mara and a coworker, defendant Marie Hack, seeking damages based on, inter alia, Mara's alleged misrepresentations to plaintiff that he would be promoted if he transferred to Mara's work group. On a prior appeal, we determined that Supreme Court erred in granting defendants' motion for partial summary judgment dismissing the second through sixth causes of action, and we reinstated those causes of action (*Nichols v Xerox Corp.*, 34 AD3d 1200 [2003]). Plaintiff commenced a separate action against Hack for malicious prosecution, which was consolidated with this action. The parties thereafter conducted discovery, and the court granted defendants' motion for summary judgment dismissing the amended complaint with the exception of the third cause of action, for misrepresentation.

We agree with plaintiff on his appeal that the court erred in granting that part of defendants' motion for summary judgment dismissing the malicious prosecution cause of action against Hack, and we therefore modify the order accordingly. A cause of action for malicious prosecution requires four elements: "that a criminal proceeding was commenced; that it was terminated in favor of the accused; that it lacked probable cause; and that the proceeding was brought out of actual malice" (*Cantalino v Danner*, 96 NY2d 391, 394 [2001]; *see Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001]; *Watson v City of Jamestown*, 56 AD3d 1289, 1291 [2008]). Viewing the evidence in the light most favorable to plaintiff, the party opposing the motion (*see Esposito v Wright*, 28 AD3d 1142, 1143 [2006]), we conclude that there are triable issues of fact whether Hack had probable cause to file a charge of harassment in the second degree against him and whether that proceeding was brought out of malice.

We agree with defendants on their cross appeal, however, that the court erred in denying that part of their motion seeking summary judgment dismissing the misrepresentation cause of action against Xerox and Mara, and we therefore further modify the order accordingly. According to plaintiff, in order to induce him to transfer to Mara's work group, Mara misrepresented to him that he would be promoted upon the transfer and that he relied on that misrepresentation in agreeing to the transfer. " 'A claim for negligent misrepresentation can only stand where there is a special relationship of trust or confidence, which creates a duty for one party to impart correct information to another, the information given was false, and there was reasonable reliance upon the information given' " (*H & R Project*

*Assoc. v City of Syracuse*, 289 AD2d 967, 969 [2001]; *see Hudson Riv. Club v Consolidated Edison Co. of N.Y.*, 275 AD2d 218, 220 [2000]; *Dunlevy v New Hartford Cent. School Dist.*, 266 AD2d 931, 932 [1999], *lv denied* 94 NY2d 760 [2000]). It is well settled that "[a]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410 [1995]; *see Rooney v Tyson*, 91 NY2d 685, 689 [1998]). As an employee at will, plaintiff could not have reasonably relied on Mara's alleged misrepresentations concerning the promotion. "In such circumstances, any reliance on representations of future intentions, such as job security or future changes, would be deemed unreasonable as a matter of law" (*Meyercord v Curry*, 38 AD3d 315, 316 [2007]; *see Marino v Oakwood Care Ctr.*, 5 AD3d 740 [2004]). Present—Smith, J.P., Fahey, Carni, Lindley and Sconiers, JJ.