■ HENRY BRITT, Respondent-Appellant, v CARRIE MONA-CHINO et al., Appellants-Respondents. (Appeal No. 2.) [900 NYS2d 576]—

Appeal and cross appeal from a judgment of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered August 6, 2009 in an action for false arrest and malicious prosecution. The judgment awarded plaintiff damages upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action against defendants Wal-Mart Stores, Inc. (Wal-Mart) and one of its managers, asserting causes of action for, inter alia, false arrest and malicious prosecution. Plaintiff had been arrested and charged with petit larceny after defendants reported to the police that he was involved in the theft of four tires from Wal-Mart's Tire Lube Express Department, where he was employed as a service manager. A trial was held, following which the jury returned a verdict in favor of plaintiff on both causes of action and awarded him compensatory and punitive damages totaling approximately $106,000, with costs and disbursements.

With respect to the appeal taken by defendants, we reject their contention that the evidence is legally insufficient to establish the requisite element of lack of probable cause with respect to both causes of action. Although defendants are correct that "[p]robable cause to believe that a person committed a crime is a complete defense to [plaintiff's causes of action for] false arrest and malicious prosecution" (*Fortunato v City of New York*, 63 AD3d 880, 880 [2009]; *see Quigley v City of Auburn*, 267 AD2d 978, 979 [1999]), we agree with plaintiff that the evidence is legally sufficient to establish that there was no probable cause, particularly in view of the lack of direct evidence that plaintiff committed the larceny of the four tires or profited therefrom.

We also reject defendants' contention that the evidence is legally insufficient with respect to the requisite element of malice in connection with the cause of action for malicious prosecution. "The 'actual malice' element of a malicious prosecution [cause of] action does not require a plaintiff to prove that the defendant[s were] motivated by spite or hatred . . . Rather, it

means that the defendant[s] must have [instigated the commencement of] the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served" (*Nardelli v Stamberg*, 44 NY2d 500, 502-503 [1978]; *see Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 132 [1999]). Having found that there was no probable cause, the jury was thus also entitled to find malice based on the absence of probable cause, together with evidence that Wal-Mart's policy was to prosecute employee thefts whenever possible and the evidence at trial concerning the public nature of plaintiff's arrest. Thus, contrary to defendants' contention, the evidence of malice is legally sufficient to support the finding of the jury that defendants were motivated by "something other than a desire to see the ends of justice served" (*Nardelli*, 44 NY2d at 503).

Finally, with respect to defendants' appeal, we reject defendants' contentions that the findings with respect to liability and the award of punitive damages are against the weight of the evidence. It cannot be said that the verdict could not have been reached on any fair interpretation of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]).

We have reviewed the contentions raised by plaintiff on his cross appeal and conclude that they are unpreserved and, in any event, that they are without merit. Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.