■ Sharon Nieminski, Appellant, v Teresa Cortese-Green et al., Respondents. [902 NYS2d 241]—

Per Curiam. Appeal from an order of the Supreme Court (Rumsey, J.), entered May 21, 2009 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint.

Defendants' premises were damaged in December 2004 when plaintiff had a shed delivered to her neighboring property using defendants' driveway. Relations between the parties then deteriorated and, in March 2006, defendant Teresa Cortese-Green (hereinafter defendant) caused plaintiff to be charged in a local criminal court with the offense of harassment in the second degree. This charge was based upon allegations that plaintiff had repeatedly stalked and followed defendants as well as taken photographs of them. Based on these allegations, defendants also obtained an order of protection. While the charge was pending, defendant complained to the police and wrote letters to two assistant district attorneys and a judge of the local criminal court alleging that plaintiff had violated the order. After trial, however, the court found plaintiff not guilty of the harassment in the second degree charge. Plaintiff then commenced this action alleging, among other things, malicious prosecution and defamation against defendant. Supreme Court granted defend-

ants' motion for summary judgment dismissing the complaint, and plaintiff now appeals.

We agree with plaintiff that it was error to dismiss her malicious prosecution cause of action. "To obtain recovery for malicious prosecution, a plaintiff must establish that a criminal proceeding was commenced, that it was terminated in favor of the accused, that it lacked probable cause, and that the proceeding was brought out of actual malice" (*Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001] [citations omitted]; *see Broughton v State of New York*, 37 NY2d 451, 457 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]). As for the element of initiating a criminal proceeding, plaintiff offered evidence that defendant had approached the police several times with her allegations, provided the information upon which the accusatory instrument was based and then took an active role in encouraging the police, prosecutors and court to proceed with the prosecution and enforce the order of protection (*see Krzyzak v Schaefer*, 52 AD3d 979, 980 [2008]; *Dudick v Gulyas*, 277 AD2d 686, 687 [2000]). Nor is there any question that the proceeding terminated in plaintiff's favor.

As for the third element of lack of probable cause, the record shows that the animosity between the parties grew out of their property damage dispute which arose in 2004 and developed long before the commencement of the criminal proceeding in 2006. Given this history and the conflicting deposition testimonies of the parties, the record could reasonably support an inference that defendant acted without probable cause and in retaliation for plaintiff's own frequent complaints reporting defendants to the authorities (*see Colon v City of New York*, 60 NY2d 78, 82 [1983]; *Heller v Ingber*, 134 AD2d 733, 734-735 [1987]). In light of the parties' ongoing animosity, the fourth element of actual malice could be inferred if the trier of fact were to find a lack of probable cause (*see Martin v City of Albany*, 42 NY2d 13, 17 [1977]; *Strader v Ashley*, 61 AD3d 1244, 1247 [2009], *lv dismissed* 13 NY3d 756 [2009]; *Minasian v Lubow*, 49 AD3d 1033, 1035 [2008]).

We find no merit, however, in plaintiff's challenge to dismissal of her defamation cause of action. She was required to set forth in the complaint "the particular words complained of" (CPLR 3016 [a]; *see Dobies v Brefka*, 273 AD2d 776, 777 [2000], *lv dismissed* 95 NY2d 931 [2000]). Inasmuch as the complaint cites only the statements made in defendant's July 2006 letter to the local court and that letter was written in the context of a then pending criminal proceeding, Supreme Court correctly determined that the statements were privileged and did not

constitute libel (*see Martirano v Frost*, 25 NY2d 505, 507-508 [1969]; *Adamski v Romano-Schulman*, 56 AD3d 1078, 1079 [2008]; *Grasso v Mathew*, 164 AD2d 476, 479 [1991], *lv dismissed* 77 NY2d 940 [1991], *lv denied* 78 NY2d 855 [1991]).

Peters, J.P., Rose, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the cause of action for malicious prosecution against defendant Teresa Cortese-Green; motion denied to that extent; and, as so modified, affirmed.