■ Richard Lyman, Appellant, v Town of Amherst et al., Respondents. [903 NYS2d 626]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 13, 2009 in an action for, inter alia, false arrest. The order granted the motion of defendants for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for false arrest and imprisonment, as well as malicious prosecution, resulting from his arrest, upon the issuance of a warrant, for harassment in the second degree and assault in the third degree. We conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint.

With respect to plaintiff's claim for false arrest, it is well established that "[a]n arrest made pursuant to a warrant valid on its face and issued by a court having jurisdiction of the crime and person is privileged" (*Boose v City of Rochester*, 71 AD2d 59, 66 [1979]). Furthermore, with respect to false imprisonment, "[a] necessary element of [such a claim] is that the confinement was not privileged . . . A detention, otherwise unlawful, is privileged where the confinement was by arrest under a valid process issued by a court having jurisdiction" (*Davis v City of Syracuse*, 66 NY2d 840, 842 [1985] [internal quotation marks omitted]). Contrary to the contention of plaintiff, defendants established that the warrant for plaintiff's arrest was valid on its face, and plaintiff failed to raise a triable issue of fact in opposition. The warrant complied with the requirements of CPL 120.10 (2) (*see Boose*, 71 AD2d at 66), and plaintiff has not alleged that the issuing court lacked jurisdiction.

With respect to plaintiff's claim for malicious prosecution, defendants met their initial burden by establishing that plaintiff's arrest was supported by probable cause, the lack of which is a necessary element of a claim for malicious prosecution (*see Boose*, 71 AD2d at 65), and plaintiff failed to raise a triable issue of fact in opposition. "Where a warrant of arrest is issued by a court of competent jurisdiction, there is 'a presumption that the arrest was issued on probable cause' " (*Chase v Town of Camillus*, 247 AD2d 851, 852 [1998], quoting *Broughton v State of New York*, 37 NY2d 451, 458 [1975], *cert denied sub*

*nom. Schanbarger v Kellogg,* 423 US 929 [1975]). The presumption of probable cause "can be overcome only upon a showing of fraud, perjury or the withholding of evidence" (*Brown v Roland,* 215 AD2d 1000, 1001 [1995], *lv dismissed* 87 NY2d 861 [1995]), and plaintiff failed to make any such showing. Moreover, "information provided by an identified citizen accusing another of a crime is legally sufficient to provide the police with probable cause to arrest" (*People v Banks,* 151 AD2d 491, 491 [1989], *lv denied* 74 NY2d 805 [1989]). Here, the application for an arrest warrant was supported by, inter alia, accusations made by identified citizen informants, a newspaper article detailing an earlier incident of domestic violence involving plaintiff, and a telephone call from an alleged doctor concerning plaintiff's purportedly violent nature. That evidence was sufficient to establish probable cause, even in the absence of the issuance of the warrant (*see generally Iorio v City of New York,* 19 AD3d 452 [2005]; *Pomento v City of Rome,* 231 AD2d 875, 876-877 [1996]). Present—Centra, J.P., Fahey, Peradotto, Lindley and Pine, JJ.