# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**406**

**CA 12-01499**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

JAMES P. ZETES, PLAINTIFF-APPELLANT-RESPONDENT,

V                                                                  MEMORANDUM AND ORDER

KELLY A. STEPHENS AND LUCAS A. STEPHENS,
DEFENDANTS,
COUNTY OF NIAGARA, JAMES VOUTOUR, IN HIS
CAPACITY AS NIAGARA COUNTY SHERIFF, AND GUY
FRATELLO, ALSO KNOWN AS G. FRATELLO,
INDIVIDUALLY AND IN HIS CAPACITY AS NIAGARA
COUNTY DEPUTY SHERIFF,
DEFENDANTS-RESPONDENTS-APPELLANTS.
(APPEAL NO. 1.)

---

JOHN J. DELMONTE, NIAGARA FALLS, FOR PLAINTIFF-APPELLANT-RESPONDENT.

WEBSTER SZANYI LLP, BUFFALO (ADAM P. HATCH OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered January 31, 2012. The order, among other things, granted that part of the motion of defendants County of Niagara, James Voutour, and Guy Fratello seeking summary judgment dismissing plaintiff's complaint against them.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for, inter alia, false arrest, false imprisonment, and malicious prosecution. In appeal No. 1, plaintiff appeals and defendants County of Niagara, James Voutour, in his capacity as Niagara County Sheriff, and Guy Fratello, also known as G. Fratello, individually and in his capacity as Niagara County Deputy Sheriff (collectively, County defendants), cross-appeal from an order granting that part of the County defendants' motion for summary judgment dismissing the complaint against them, but denying that part of their motion for sanctions based upon plaintiff's alleged frivolous conduct. In appeal No. 2, defendants Kelly A. Stephens and Lucas A. Stephens (collectively, Stephens defendants) appeal from an order denying their motion for summary judgment dismissing the complaint against them.

We note at the outset that, with respect to appeal No. 1,

plaintiff has abandoned his second cause of action for abuse of process and his fifth cause of action for negligence against the County defendants (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984). Further, with respect to appeal No. 2, plaintiff concedes that his second cause of action and so much of his tenth cause of action that alleges that the Stephens defendants tortiously interfered with "present contractual relations" are not viable. We therefore modify the order in appeal No. 2 accordingly.

Regarding the remaining causes of action, we conclude that Supreme Court properly granted that part of the County defendants' motion for summary judgment dismissing the malicious prosecution cause of action (first cause of action) against them in appeal No. 1, and properly denied that part of the Stephens defendants' motion seeking the same relief in appeal No. 2. "The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (*Broughton v State of New York*, 37 NY2d 451, 457, *cert denied* 423 US 929; *see Smith-Hunter v Harvey*, 95 NY2d 191, 195; *Nichols v Xerox Corp.*, 72 AD3d 1501, 1502). With respect to the first element, it is undisputed that defendants commenced a criminal proceeding against plaintiff by filing a misdemeanor information accusing him of stalking in the fourth degree. Further, with respect to the second element, neither the County defendants nor the Stephens defendants established that the criminal proceeding did not terminate in plaintiff's favor (*see Cantalino v Danner*, 96 NY2d 391, 395-396; *Smith-Hunter*, 95 NY2d at 195-197).

With respect to the third and fourth elements, however, the County defendants established that Fratello had probable cause to file the misdemeanor information and that he did not act with actual malice (*see Lyman v Town of Amherst*, 74 AD3d 1842, 1842; *Weiss v Hotung*, 26 AD3d 855, 856; *Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 132). "In the context of a malicious prosecution cause of action, probable cause 'consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty' " (*Passucci v Home Depot, Inc.*, 67 AD3d 1470, 1470, quoting *Colon v City of New York*, 60 NY2d 78, 82, *rearg denied* 61 NY2d 670). It is well established that "information provided by an identified citizen accusing another of a crime is legally sufficient to provide the police with probable cause to arrest" (*Lyman*, 74 AD3d at 1843 [internal quotation marks omitted]). Actual malice "means that the defendant must have commenced the . . . criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served" (*Nardelli v Stamberg*, 44 NY2d 500, 503; *see Putnam v County of Steuben*, 61 AD3d 1369, 1371, *lv denied* 13 NY3d 705; *Du Chateau*, 253 AD2d at 132).

Here, the County defendants submitted evidence that Kelly A. Stephens (hereafter, Stephens) told Fratello that plaintiff (1) frequently drove by her house and often slowed down or stopped in

front of the house; (2) took pictures of Stephens and the house; (3) made sexual comments to Stephens; and (4) threatened to damage Stephens's property. Stephens told Fratello that she feared for her safety and, according to Fratello, "[s]he was visibly upset and crying as she explained [plaintiff]'s conduct to [him]." After Fratello advised Stephens "multiple times" that making a false statement was punishable as a crime, Stephens provided a supporting deposition attesting to the above facts. Fratello averred in an affidavit that Stephens "appeared to be reliable and believable," and that he "had no reason to believe [that] anything [she] told [him] was false or inaccurate." He had never met Stephens or plaintiff prior to that date. Based upon the information Stephens provided, Fratello completed a misdemeanor information accusing plaintiff of stalking in the fourth degree. He had no further involvement in plaintiff's prosecution. Inasmuch as the County defendants established that Fratello had probable cause to file the misdemeanor information and that he did not act with actual malice, thereby negating two necessary elements of malicious prosecution, they met their initial burden on that part of their motion for summary judgment with respect to that cause of action.

In opposition to the County defendants' motion, plaintiff failed to raise an issue of fact with respect to probable cause or actual malice. Plaintiff submitted excerpts from Fratello's deposition in which he testified that he did not recall Stephens mentioning any disputes that she and her husband had with plaintiff concerning money or deed restrictions, and that he had not heard anything to that effect prior to that time. Plaintiff also submitted excerpts from Stephens's deposition, in which she testified that she did not recall mentioning to Fratello her disagreement with plaintiff over amounts allegedly owed to plaintiff for construction work that he performed. Plaintiff admitted at his own deposition that he had no reason to believe that Fratello was aware of plaintiff's claim that the Stephens defendants owed him $4,000 for construction work. Although plaintiff emphasizes alleged "inconsistencies" with respect to whether Fratello attempted to contact him before filing the misdemeanor information and speculates that Fratello "covered up his failure or intentional decision to not talk to the plaintiff by saying that he could not locate him," we conclude that such conjecture is insufficient to raise a question of fact whether Fratello "lacked probable cause to initiate the criminal proceeding or acted with malice in doing so" (*Weiss*, 26 AD3d at 856; *see Du Chateau*, 253 AD2d at 132).

With respect to the Stephens defendants, however, we agree with plaintiff that there are triable issues of fact whether Stephens had probable cause to file criminal charges against plaintiff and whether she acted out of malice (*see Nichols*, 72 AD3d at 1502). "A probable cause finding as to one [group of defendants] does not compel such a finding as to the other where the facts and circumstances known to each defendant may be different" (*Weiss*, 26 AD3d at 857 [internal quotation marks omitted]). Here, plaintiff submitted evidence suggesting that Stephens commenced the criminal proceeding against him out of spite or retaliation based upon his enforcement of alleged deed restrictions and his claim against the Stephens defendants for money

owed to him for construction work that he performed, and that Stephens provided incomplete or misleading information to Fratello (*see generally Nardelli*, 44 NY2d at 502-503). We thus conclude that there is a question of fact whether Stephens commenced the criminal proceeding against plaintiff "due to . . . something other than a desire to see the ends of justice served" (*id.* at 503; *see Nieminski v Cortese-Green*, 74 AD3d 1550, 1551).

With respect to the false arrest and false imprisonment causes of action, i.e., the third and fourth causes of action, respectively, we conclude that the court properly dismissed those causes of action against the County defendants in appeal No. 1, but that it also should have dismissed those causes of action against the Stephens defendants in appeal No. 2. We therefore further modify the order in appeal No. 2 accordingly. It is well settled that a plaintiff's appearance in court as a result of the issuance of a criminal summons or appearance ticket is insufficient to support a claim of false arrest or false imprisonment (*see Weiss*, 26 AD3d at 856; *see also Santoro v Town of Smithtown*, 40 AD3d 736, 737; *Nadeau v LaPointe*, 272 AD2d 769, 770-771), and here "the record establishes that plaintiff was never arrested or held in actual custody by any law enforcement agency as a result of the charge . . . filed against [him]" (*Weiss*, 26 AD3d at 856 [internal quotation marks omitted]; *see Du Chateau*, 253 AD2d at 132).

Regarding appeal No. 1 and specifically the causes of action asserted against only the County defendants, we conclude that, because the court properly dismissed plaintiff's causes of action for false arrest, false imprisonment, and malicious prosecution against the County defendants in appeal No. 1, the cause of action for negligent training and/or instruction (sixth cause of action) was likewise properly dismissed against them (*see Cotter v Summit Sec. Servs., Inc.*, 14 AD3d 475, 476; *cf. U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821, 823). In any event, the County defendants established that Fratello did not "lack[] training in proper law enforcement techniques" (*Barr v County of Albany*, 50 NY2d 247, 258; *cf. Martinetti v Town of New Hartford Police Dept.*, 307 AD2d 735, 737), and plaintiff failed to raise an issue of fact concerning a lack of training (*see generally Panzera v Johnny's II*, 253 AD2d 864, 865). The court also properly dismissed plaintiff's 42 USC § 1983 cause of action (seventh cause of action) against the County defendants, which was premised upon the false arrest, false imprisonment, and malicious prosecution claims (*see generally Shopland v County of Onondaga*, 154 AD2d 941, 941). With respect to the County defendants' cross appeal in appeal No. 1, we conclude that, although the court properly dismissed the complaint in its entirety against the County defendants, the court did not abuse its discretion in denying that part of their motion seeking sanctions against plaintiff for frivolous conduct (*see generally Matter of Lodge Hotel, Inc. v Town of Erwin Planning Bd.*, 62 AD3d 1257, 1259; *Cammarata v Cammarata*, 61 AD3d 912, 913).

With respect to appeal No. 2 and specifically the causes of action asserted against the Stephens defendants only, we conclude that the court properly denied that part of their motion seeking to dismiss

the libel cause of action (eighth cause of action). Stephens's statement that plaintiff made "several threats toward[] [Stephens] and [her] residence," which was contained in her supporting deposition that she provided to the police, "tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or [to] induce an evil opinion of him in the minds of right-thinking persons" (*Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 379, *rearg denied* 42 NY2d 1015, *cert denied* 434 US 969). Moreover, contrary to the contention of the Stephens defendants, proof of special damages is not required for libel on its face or libel per se (*see Rinaldi*, 42 NY2d at 379; *Nichols v Item Publs.*, 309 NY 596, 600-601; 1 NY PJI3d 3:23 at 224 [2012]).

We agree with the Stephens defendants, however, that the court should have dismissed the slander cause of action (ninth cause of action) against them, and we therefore further modify the order in appeal No. 2 accordingly. The two allegedly defamatory statements pleaded in the complaint do not constitute slander per se because they do not "charg[e] plaintiff with a serious crime" or "tend to injure [plaintiff] in his . . . trade, business or profession" (*Liberman v Gelstein*, 80 NY2d 429, 435; *see Warlock Enters. v City Ctr. Assoc.*, 204 AD2d 438, 438). Contrary to the contention of plaintiff, stalking in the fourth degree does not constitute a "serious crime" for purposes of slander per se (*see generally Liberman*, 80 NY2d at 436). "To be actionable as words that tend to injure another in his or her profession, the challenged statement must be more than a general reflection upon [the plaintiff]'s character or qualities. Rather, the statement must reflect on [the plaintiff's] performance or be incompatible with the proper conduct of [the plaintiff's] business" (*Golub v Enquirer/Star Group*, 89 NY2d 1074, 1076; *see Liberman*, 80 NY2d at 436). Here, Stephens's alleged statements, at worst, reflect generally upon plaintiff's character or qualities, and do not relate to his occupation as a builder or developer (*see Liberman*, 80 NY2d at 436; *Warlock Enters.*, 204 AD2d at 438; *see also Kowalczyk v McCullough*, 55 AD3d 1208, 1211). Because the statements at issue do not constitute slander per se, plaintiff was required "to plead and prove special damages, i.e., the loss of something having economic or pecuniary value" (*Hassig v FitzRandolph*, 8 AD3d 930, 932 [internal quotation marks omitted]; *see Nasca v Sgro*, 101 AD3d 963, 965), and he failed to do so (*see Cammarata*, 61 AD3d at 913; *Hassig*, 8 AD3d at 932). Although plaintiff also relies upon statements Stephens allegedly made in various internet postings, CPLR 3016 (a) requires a plaintiff alleging libel or slander to set forth "the particular words complained of" in the complaint (*see Nieminski*, 74 AD3d at 1551), and here plaintiff did not include any of those statements in his complaint or in his bill of particulars.

Contrary to the further contention of the Stephens defendants, we conclude that the court properly denied that part of their motion seeking to dismiss the tenth cause of action insofar as it alleges tortious interference with prospective business relations. "To establish a claim for tortious interference with prospective business advantage, a plaintiff must demonstrate that (a) the plaintiff had business relations with a third party; (b) the defendant interfered

with those business relations; (c) the defendant acted with the sole purpose of harming the plaintiff or by using unlawful means; and (d) there was resulting injury to the business relationship" (*North State Autobahn, Inc. v Progressive Ins. Group Co.*, 102 AD3d 5, 21; *see* PJI 3:57). As relevant here, a plaintiff is required to identify a specific customer that the plaintiff would have obtained "but for" the defendant's wrongful conduct (*see Parrott v Logos Capital Mgt., LLC*, 91 AD3d 488, 489; *Learning Annex Holdings, LLC v Gittelman*, 48 AD3d 211, 211; *Forken v CIGNA Corp.*, 234 AD2d 992, 993). Although many of plaintiff's assertions of interference are too vague to support a claim of tortious interference with prospective business relations, plaintiff testified at his deposition that a particular couple allegedly changed their minds about purchasing a lot in plaintiff's subdivision because of the conduct of the Stephens defendants. We conclude that such testimony is sufficient to raise a question of fact whether the Stephens defendants tortiously interfered with plaintiff's prospective business relations (*see generally Caprer v Nussbaum*, 36 AD3d 176, 204).

Finally, because several substantive causes of action against the Stephens defendants remain intact, we reject their contention that the court erred in refusing to dismiss the eleventh cause of action, seeking punitive damages against them (*cf. Sclar v Fayetteville-Manlius School Dist.*, 300 AD2d 1115, 1115, *lv denied* 99 NY2d 510; *see generally Mantione v Crazy Jakes, Inc.*, 101 AD3d 1719, 1719-1720).

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court