Whalen, J.
(dissenting). I respectfully dissent because I cannot agree with the majority’s conclusion that plaintiffs failed to raise a triable issue of fact whether defendant had supervisory control and authority over the work being done by the employer of Garrett Hargrave (plaintiff) (see Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]). I therefore conclude that Supreme Court erred in granting defendant’s motion with respect to Labor Law § 241 (6) and properly denied it with respect to Labor Law § 200 and common-law negligence, and I would modify the order accordingly.
Plaintiffs submitted an affidavit from plaintiff’s former coworker, who averred that although no safety devices were provided to the workers, it was his understanding that defendant had the authority to decide whether they were required. Plaintiffs coworker further averred that representatives from defendant would come to the work site two or three times per week, and that one of the representatives, “Tom,” would tell him and the other workers to pick up pieces of debris off the roof and to keep the work area clean. Moreover, defendant’s project manager testified at his deposition that defendant’s onsite supervisor, Tom McCormack, would inspect the roof daily and had the authority to stop unsafe work on the site should students, faculty, or staff be in danger from the work being *1273 performed. I conclude that a factfinder could reasonably infer that McCormack was the man identified by plaintiffs coworker.
Furthermore, plaintiffs coworker averred that there was a separate contractor working on the upper roof, i.e., the area that the insulation upon which plaintiff tripped came from. In the absence of any evidence concerning the nature of the relationship between defendant and that unidentified contractor, a question of fact also remains whether defendant had “supervisory control and authority over the work being done” by that contractor (id. at 864). Although defendant submitted proof that there were no contractors other than plaintiffs employer performing roofing work, we must view the evidence in the light most favorable to plaintiffs, the nonmoving parties (see Nichols v Xerox Corp., 72 AD3d 1501, 1502 [2010]).
Because a question of fact remains whether defendant had supervisory control over the work on the roof, the court erred in granting that part of defendant’s motion for summary judgment dismissing the Labor Law § 241 (6) cause of action (see Walls, 4 NY3d at 864; Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]). For the same reason, I conclude that the court properly denied defendant’s motion with respect to the section 200 and common-law negligence causes of action (see Comes, 82 NY2d at 877).
Present — Scudder, EJ., Centra, Carni, Sconiers and Whalen, JJ.