# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**349**
**CA 15-01561**
PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

CHRISTOPHER DANN, PLAINTIFF-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

AUBURN POLICE DEPARTMENT, CITY OF AUBURN,
DEFENDANTS-APPELLANTS,
CAYUGA COUNTY DISTRICT ATTORNEY'S OFFICE, AND
COUNTY OF CAYUGA, DEFENDANTS-RESPONDENTS.

---

THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (FRANK W. MILLER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

JARROD W. SMITH, ESQ., P.L.L.C., JORDAN (JARROD W. SMITH OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---------------------------------------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered February 26, 2015. The order, among other things, granted that part of defendants' motion seeking summary judgment dismissing the complaint against defendants Cayuga County District Attorney's Office and County of Cayuga and denied that part of defendants' motion seeking to dismiss the malicious prosecution cause of action against defendants Auburn Police Department and City of Auburn.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion with respect to the malicious prosecution cause of action in its entirety and dismissing that cause of action against all defendants and as modified the order is affirmed without costs.

Memorandum:  In this action by plaintiff to recover damages from two sets of defendants on various theories, defendants Auburn Police Department and the City of Auburn (City defendants) appeal and plaintiff cross-appeals from an order that, inter alia, granted that part of defendants' motion for summary judgment dismissing the cause of action for malicious prosecution only against defendants Cayuga County District Attorney's Office and County of Cayuga (County defendants).  We reject plaintiff's contention on his cross appeal that Supreme Court erred in granting the motion to that extent.  The County defendants demonstrated their entitlement to judgment as a matter of law based on their prosecutorial immunity, and plaintiff failed to raise a triable question of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  The law provides absolute immunity "for conduct of prosecutors that was 'intimately associated

with the judicial phase of the criminal process' " (*Buckley v Fitzsimmons*, 509 US 259, 270, quoting *Imbler v Pachtman*, 424 US 409, 430; *see Kirchner v County of Niagara*, 107 AD3d 1620, 1622), i.e., conduct that involves " 'initiating a prosecution and . . . presenting the State's case' " (*Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 285, quoting *Imbler*, 424 US at 431; *see Kirchner*, 107 AD3d at 1623).  Although prosecutors are afforded only qualified immunity when acting in an investigative capacity (*see Buckley*, 509 US at 275-276; *Kirchner*, 107 AD3d at 1623; *Claude H. v County of Oneida*, 214 AD2d 964, 965), we reject plaintiff's contention that the prosecutor's actions in this case went beyond "the professional evaluation of the evidence assembled by the police," a function that would not deprive the prosecutor of absolute immunity (*Buckley*, 509 US at 273; *cf. Kirchner*, 107 AD3d at 1623-1624).

We conclude, however, that the court erred in denying that part of the motion for summary judgment dismissing the malicious prosecution cause of action against the City defendants as well.  The court should have dismissed that cause of action in its entirety, and we modify the order accordingly.  The City defendants demonstrated their entitlement to judgment as a matter of law on the issue whether the police had probable cause to charge plaintiff with assault in the second degree, and plaintiff failed to raise a triable issue of fact (*see Zetes v Stephens*, 108 AD3d 1014, 1015-1016; *Lyman v Town of Amherst*, 74 AD3d 1842, 1842; *see generally Broughton v State of New York*, 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929).  That quantum of suspicion was furnished to the police by the sworn statements of the victim and the victim's brother-in-law, was buttressed by the sworn statement of plaintiff himself, and was further supported by the findings made by the police during their prudent and careful investigation into the incident.  "In the context of a malicious prosecution cause of action, probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (*Zetes*, 108 AD3d at 1015-1016 [internal quotation marks omitted]; *see Colon v City of New York*, 60 NY2d 78, 82, *rearg denied* 61 NY2d 670).  " 'Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely [requires] information sufficient to support a reasonable belief that an offense has been or is being committed' by the suspected individual" (*Torres v Jones*, 26 NY3d 742, 759).  It is well established that " 'information provided by an identified citizen accusing another of a crime is legally sufficient to provide the police with probable cause to arrest' " (*Lyman*, 74 AD3d at 1843; *see Zetes*, 108 AD3d at 1016).  Moreover, where, as here, "a warrant of arrest [has been] issued by a court of competent jurisdiction, there is 'a presumption that the arrest was [made] on probable cause' " (*Chase v Town of Camillus*, 247 AD2d 851, 852, quoting *Broughton*, 37 NY2d at 458; *see Lyman*, 74 AD3d at 1842-1843), and that the accompanying criminal prosecution was likewise based on probable cause.  That "presumption of probable cause 'can be overcome only upon a showing of fraud, perjury or the withholding of evidence' " (*Lyman*, 74 AD3d at 1843), none of which is demonstrated by

plaintiff in this case.