# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**102**
**CA 15-01768**
PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

CHRISTINA J. BROYLES, PLAINTIFF-APPELLANT,

V                                                  MEMORANDUM AND ORDER

TOWN OF EVANS, OFFICER THOMAS J. CRUPE,
LIEUTENANT MICHAEL MASULLO, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

HOGANWILLIG, PLLC, AMHERST (LINDA LALLI STARK OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

SUGARMAN LAW FIRM LLP, BUFFALO (BRENNA C. GUBALA OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered July 28, 2015. The order granted the motion of defendants Town of Evans, Officer Thomas J. Crupe, and Lieutenant Michael Masullo to dismiss plaintiff's complaint and any cross claims against them and denied the cross motion of plaintiff for leave to amend the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action for, inter alia, malicious prosecution after she was charged with criminal trespass in the third degree. The Town of Evans and two of its police officers (collectively, defendants) moved for dismissal of the complaint and any cross claims against them, and plaintiff cross-moved for leave to amend the complaint. Supreme Court granted the motion and denied the cross motion. We affirm. We note at the outset that only two causes of action are at issue on this appeal, i.e., the first cause of action and the fifth cause of action.

We conclude that the court properly granted the motion with respect to the first cause of action, asserting malicious prosecution on the part of defendants, for failure to state a cause of action (*see* CPLR 3211 [a] [7]). In particular, we conclude that plaintiff failed adequately to plead the requisite elements of lack of probable cause and malice on the part of the officers, and likewise failed to submit affidavits or other evidentiary material remedying that defect of her complaint (*see Leon v Martinez*, 84 NY2d 83, 88). " 'Probable cause to believe that a person committed a crime is a complete defense to claims of . . . malicious prosecution' " (*Batten v City of New York*,

133 AD3d 803, 805; *see Fortunato v City of New York*, 63 AD3d 880, 880;
*see also Britt v Monachino*, 73 AD3d 1462, 1462).  "In the context of a
malicious prosecution cause of action, probable cause consists of such
facts and circumstances as would lead a reasonably prudent person in
like circumstances to believe plaintiff guilty" (*Zetes v Stephens*, 108
AD3d 1014, 1015-1016 [internal quotation marks omitted]; *see Colon v
City of New York*, 60 NY2d 78, 82, *rearg denied* 61 NY2d 670; *Passucci v
Home Depot, Inc.*, 67 AD3d 1470, 1470).  It is well established that
"information provided by an identified citizen accusing another of a
crime is legally sufficient to provide the police with probable cause
to arrest" (*Lyman v Town of Amherst*, 74 AD3d 1842, 1843 [internal
quotation marks omitted]; *see Zetes*, 108 AD3d at 1016).  Here, the
record, including the complaint itself, establishes as a matter of law
that the officers, upon hearing the complaint of plaintiff's
neighbors, had probable cause to believe that plaintiff had committed
criminal trespass in the third degree (*see Zetes*, 108 AD3d at 1015-
1016; *see also Lyman*, 74 AD3d at 1843).

The court also properly granted the motion with respect to the
fifth cause of action, alleging negligent hiring, training, and
supervision of the officers on the part of the Town, on the ground
that the cause of action is time-barred (*see* CPLR 3211 [a] [5]).
Plaintiff's action was not commenced until more than one year and 90
days "after the happening of the event upon which the claim is based"
(General Municipal Law § 50-i [1]; *see Cardiff v Carrier*, 79 AD3d
1626, 1626-1627, *lv denied* 16 NY3d 710; *Ruggiero v Phillips*, 292 AD2d
41, 43; *see also Klein v City of Yonkers*, 53 NY2d 1011, 1012-1013).

Finally, we conclude that the court did not abuse its discretion
in denying plaintiff's cross motion for leave to amend her complaint
with regard to the cause of action for malicious prosecution.
Although leave to amend is freely granted (*see* CPLR 3025 [b]; *Edenwald
Contr. Co. v City of New York*, 60 NY2d 957, 959), it should be denied
where the proposed amendment is patently lacking in merit (*see ARG
Trucking Corp. v Amerimart Dev. Co.*, 302 AD2d 876, 877; *Nahrebeski v
Molnar*, 286 AD2d 891, 891-892).  Here, the proposed amended complaint
did not rectify the deficiencies in the original complaint, especially
with regard to the allegations of lack of probable cause and malice.

Entered:  February 10, 2017                        Frances E. Cafarell
                                                   Clerk of the Court