Bowen v Van Bramer (2022 NY Slip Op 02975)





Bowen v Van Bramer


2022 NY Slip Op 02975


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2019-13391
 (Index No. 704179/19)

[*1]Joshua Bowen, respondent, 
v
James G. Van Bramer, appellant.


Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Diana Lawless of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered October 22, 2019. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging defamation.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging defamation is granted.
In February 2019, amid public criticism, e-commerce giant Amazon cancelled its plans to build a second corporate headquarters in the Long Island City area of Queens. The plaintiff, a local restaurateur, was involved in efforts to persuade Amazon to reconsider and proceed with its plans. The defendant, James "Jimmy" G. Van Bramer, then a member of the New York City council who represented the relevant portion of Queens, opposed the Amazon project.
After Amazon cancelled its plans, the plaintiff initiated an exchange of text messages with the defendant's chief-of-staff. In that exchange, the plaintiff demanded that the defendant contact Amazon executives and withdraw his opposition, promising that, if the defendant did so, the plaintiff could "stop the growing forces that will end councilman VanJobkillers career," but, if the defendant refused, the plaintiff would "add another sound bite on to the funeral pyre of Jimmys [sic] career" during the plaintiff's upcoming television appearance. In response, on March 1, 2019, the defendant "tweeted" (i.e., posted) a screenshot of that portion of the conversation on his Twitter (social media) feed, and, in his accompanying comments, accused the plaintiff of making "threats."
The plaintiff commenced this action to recover damages for, inter alia, defamation per se based upon the defendant's March 1, 2019 tweet. The defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss that cause of action. In an order entered October 22, 2019, the Supreme Court denied that branch of the defendant's motion. The defendant appeals. We reverse.
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" [*2](Greenberg v Spitzer, 155 AD3d 27, 41; see Emby Hosiery Corp. v Tawil, 196 AD3d 462, 463-464; Kasavana v Vela, 172 AD3d 1042, 1044).
"Since falsity is a necessary element of a defamation cause of action and only 'facts' are capable of being proven false, 'it follows that only statements alleging facts can properly be the subject of a defamation action'" (Gross v New York Times Co., 82 NY2d 146, 152-153, quoting 600 W. 115th St. Corp. v Von Gutfeld, 80 NY2d 130, 139; see Kasavana v Vela, 172 AD3d at 1044). Accordingly, "'[a]n expression of pure opinion is not actionable . . . , no matter how vituperative or unreasonable it may be'" (Kasavana v Vela, 172 AD3d at 1045, quoting Steinhilber v Alphonse, 68 NY2d 283, 289). The allegedly defamatory statement "'must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader [or listener], and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction'" (Laguerre v Maurice, 192 AD3d 44, 50-51, quoting Aronson v Wiersma, 65 NY2d 592, 594).
Where a statement of pure opinion implies that it is based upon undisclosed facts which justify the opinion, it is actionable because "a reasonable listener or reader would infer that the speaker [or writer] knows certain facts, unknown to [the] audience, which support [the] opinion and are detrimental to the person [toward] whom [the communication is directed]" (Kasavana v Vela, 172 AD3d at 1045 [internal quotation marks omitted]). Where, however, the opinion recites the facts upon which it is based without implying the existence of additional, undisclosed facts, that statement is not actionable (see id.).
The defendant's characterization of the plaintiff's text as containing "several threats rolled into one" is not a statement which can be proved true or false but was, instead, an opinion (see Thomas H. v Paul B., 18 NY3d 580, 584; Kasavana v Vela, 172 AD3d at 1045). Moreover, "there is simply no special rule of law making criminal slurs actionable regardless of whether they are asserted as opinion or fact" (Gross v New York Times Co., 82 NY2d at 155; see also Liberman v Gelstein, 80 NY2d 429, 436; Cammarata v Cammarata, 61 AD3d 912, 913; Warlock Enters. v City Ctr. Assoc., 204 AD2d 438). Instead, "accusations of criminality [can] be regarded as mere hypothesis and therefore not actionable if the facts on which they are based are fully and accurately set forth" (Gross v New York Times Co., 82 NY2d at 155; see Kasavana v Vela, 172 AD3d at 1045-1046). Here, the defendant's statement amounts to no more than "nonactionable opinion or rhetorical hyperbole" (Stolatis v Hernandez, 161 AD3d 1207, 109).
In light of the foregoing, we need not reach the defendant's remaining contentions.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court