Riordan v Garces (2023 NY Slip Op 02290)

Riordan v Garces

2023 NY Slip Op 02290

Decided on May 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2023

Before: Kern, J.P., Oing, Shulman, Higgitt, JJ. 

Index No. 161142/17 Appeal No. 156 Case No. 2022-05008 

[*1]John Riordan et al., Plaintiffs-Appellants-Respondents,
v
Alberto Garces, Individually, Defendant-Respondent, Alberto Garces, as President of American Federation of Government Employees, AFL-CIO, Local 3369 SSA, Defendant, Local 3369, American Federation of Government Employees, AFL-CIO, Defendant-Respondent-Appellant.

Lewis & Lin, LLC, Brooklyn (David D. Lin of counsel), for appellants-respondents.
Advocates for Justice Chartered Attorneys, New York (Laine A. Armstrong of counsel), for respondent-appellant.
Cohen Weiss & Simon LLP, New York (Daniel M. Nesbitt of counsel), for respondent.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about May 5, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Alberto Garces's motion for summary judgment dismissing plaintiffs' claims for defamation per se and denied defendant American Federation of Government Employees, AFL-CIO, Local 3369 SSA's (Local 3369) motion for summary judgment dismissing the complaint against it as untimely, unanimously modified, on the law, Local 3369's summary judgment motion deemed timely filed, the matter remanded for a determination of the motion on the merits, and otherwise affirmed, without costs.
The court correctly determined that defendant Garces's statements did not constitute slander per se. In context, Garces's statements that plaintiffs threatened to kill him imputed commission of harassment, which does not amount to a serious crime under the New York Penal Law (see Liberman v Gelstein, 80 NY2d 429, 436 [1992]; Warlock Enters. v City Ctr. Assoc., 204 AD2d 438 [2d Dept 1994]). Even given a fair reading in the context of the publication as a whole (see Armstrong v Simon & Schuster, 85 NY2d 373, 380 [1995]), the statements, viewed in conjunction with Garces's other statements that plaintiffs were "loud, vulgar and threatening" and "extremely violent" and had gotten in his personal space, did not implicate commission of serious crimes.
The court improvidently exercised its discretion in denying Local 3369's summary judgment motion as untimely, as Local 3369 demonstrated good cause for its minimal delay in filing the motion (see CPLR 3212[a]; Brill v City of New York, 2 NY3d 648, 652 [2004]). Accordingly, we remand the matter to Supreme Court for a substantive determination on the merits of the motion (see Lopez v Metropolitan Tr. Auth., 191 AD3d 508 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2023