■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN J. WILLETTE, Appellant. [735 NYS2d 645] —Peters, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered September 24, 1999, upon a verdict convicting defendant of the crimes of offering a false instrument for filing in the first degree (four counts) and failure to register under the Sex Offender Registration Act (four counts).

In February 1996, defendant, on parole following his conviction of sexual abuse in the first degree, became subject to the recently enacted Sex Offender Registration Act (*see,* Correction Law art 6-C [hereinafter the Act]). Designated thereafter by the Division of Parole as a level three offender (*see,* Correction

Law § 168-*l* [6] [c]), defendant was required to register annually with the Division of Criminal Justice Services for a 10-year period, advise of any change of residence, and verify his residence with local police authorities every 90 days (*see*, Correction Law § 168-f [4]; § 168-h). Notably, had defendant been designated a level one or two offender, he would not have been subject to the 90-day verification rule (*see*, Correction Law § 168-h).

Between May 15, 1997 and November 14, 1998, defendant represented that he resided with his father in Redford, Clinton County, and provided written verification thereof to the County Sheriff's Department in accordance with relevant statutory requirements. Subsequent investigation revealed, however, that defendant had been living at a different address, prompting his arrest and later indictment for the crime of offering of a false instrument for filing in the first degree (five counts) (*see*, Penal Law § 175.35). It was asserted that he knowingly failed to properly list his residence on five separate filings made with the Sheriff. Defendant was also charged with a failure to have properly registered under the Act (five counts) (*see*, Correction Law § 168-t) when he did not inform local police authorities of his new address pursuant to Correction Law § 168-f (4). Following a trial in which 8 of the 10 counts were submitted to the jury, defendant was convicted of all charges. This appeal ensued.

Defendant contends that the failure to have afforded him due process in his designation as a level three offender renders the designation a nullity which voids the indictment underlying his convictions. We disagree by concluding that this constitutional infirmity (*see*, *People v David W.*, 95 NY2d 130, 137) does not impact upon the validity of the criminal convictions being reviewed. While defendant properly preserved this challenge, both the People and County Court emphasized that he was not prosecuted for a failure to report as a level three offender; rather, he was prosecuted for a failure to report his change of address and for his filing of false instruments. To be sure, defendant's conviction of sexual abuse in the first degree required his registration as a sex offender under the Act. Even if he had been designated a level one offender, he would still have been obligated to register annually for a 10-year period and notify local law enforcement if he moved.

As to the finding that defendant failed to properly register under the Act due to his failure to abide by the mandates of Correction Law § 168-f (4), such section clearly requires, inter alia, that "[i]f any person required to register * * * changes

the address of his residence, the sex offender shall * * * inform in writing the law enforcement agency where last registered of the new address." As the evidence at trial included the testimony of a woman and her two children with whom defendant resided in the Village of Peru, Clinton County, we find the jury to have properly concluded that defendant moved to a new residence and failed to inform the local authorities thereof. Again, we emphasize that his level three designation was not relevant to this determination.

Similarly, we find no error in the verdict convicting defendant of four counts of offering a false instrument for filing in the first degree. Penal Law § 175.35 provides that "[a] person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud * * * he offers or presents it * * * with the knowledge or belief that it will be filed." With the evidence wholly supporting the jury's conclusion that defendant's actions mirrored the terms of the statute, a finding as to whether defendant was required to file such instrument is irrelevant to the determination that the instrument filed was false.

Having reviewed and rejected defendant's remaining assertions of error as lacking in merit, we affirm.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.