■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARLENE PAYNE, Appellant. [833 NYS2d 411]—Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered August 3, 2004, convicting her of manslaughter in the second degree, assault in the third degree, and endangering the welfare of an incompetent person, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review her argument that the evidence was not legally sufficient to establish her guilt because it did not support a finding that she was capable of having the necessary mental states required for commission of the crimes (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the verdict was repugnant is unpreserved for appellate review and, in any event, is without merit (*see People v Tucker*, 55 NY2d 1 [1981]). Finally, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY RADCLIFFE, Appellant. [833 NYS2d 410]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 26, 2000 (*People v Radcliffe*, 273 AD2d 483 [2000]), affirming a judgment of the County Court, Westchester County, rendered November 18, 1996.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Schmidt, Santucci and Goldstein, JJ., concur.