■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED GARY, Appellant. [981 NYS2d 602]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (St. George, J.), rendered August 22, 2012, convicting him of conspiracy in the fourth degree, after a nonjury trial, and imposing sentence. By decision and order on motion dated September 17, 2012, this Court, inter alia, granted the defendant's motion to stay execution of the judgment pending the hearing and determination of the appeal.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and

observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the verdicts are repugnant is without merit (*see People v Tucker*, 55 NY2d 1 [1981]; *People v Payne*, 40 AD3d 660, 660 [2007]), since his acquittals on the counts of scheme to defraud in the first degree, money laundering in the first degree, and money laundering in the second degree did not necessarily negate an essential element of conspiracy in the fourth degree.

Contrary to the defendant's contention, the testimony of a coconspirator was properly received into evidence under the coconspirator exception to the hearsay rule (*see People v Green*, 92 AD3d 953, 956 [2012]).

The defendant waived his contention that a document offered by the People contained inadmissible hearsay by, prior to trial, stipulating to the admission into evidence of that document, among others.

The defendant's contention that the Supreme Court erred in denying his motion to strike the testimony of a prosecution witness after he invoked the Fifth Amendment privilege against self-incrimination is without merit. The court providently exercised its discretion in denying the defendant's motion, since the witness invoked the privilege with respect to a collateral matter relating to general credibility (*see People v Vargas*, 88 NY2d 363, 381 [1996]).

The defendant's remaining contention is without merit. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.