■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKHAIL ISAKOV, Also Known as MIKHAIL IZAIKOV, Also Known as MIKHAIL IZRAIKOV, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR IBRAGIMOV, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID IBRAGIMOV, Also Known as DAVID IBRAGMCHAYEV, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MB GLOBUS, LLC, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AN INTERNATIONAL, LLC, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MA CONCORD, LLC, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NA CONTINENTAL GROUP, LLC, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SI PREMIER ENTERPRISES, LLC, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAN GILBERT, DDS, Appellant. [990 NYS2d 828]—

Appeals (1) by the defendants Mikhail Isakov, also known as Mikhail Izaikov, also known as Mikhail Izraikov, Arthur Ibragimov, and David Ibragimov, also known as David Ibragmchayev, respectively, from three judgments (one as to each defendant) of the Supreme Court, Kings County (Reichbach, J.), rendered April 4, 2012, as amended April 5, 2012, convicting each of them of violating Social Services Law § 366-f (1) (b) and offering a false instrument for filing in the second degree (eight counts), after a nonjury trial, and imposing sentence, (2) by the defendant MB Globus, LLC, from a judgment of the same court rendered April 5, 2012, convicting it of violating Social Services Law § 366-f (1) (b) and offering a false instrument for filing in the second degree (six counts), after the same nonjury trial, and imposing sentence, (3) by the defendant MA Concord, LLC, from a judgment of the same court rendered April 5, 2012, convicting it of violating Social Services Law § 366-f (1) (b) and offering a false instrument for filing in the second degree (two counts), after the same nonjury trial, and imposing sentence, (4) by the defendants NA Continental Group, LLC, AN International, LLC, and SI Premier Enterprises, LLC, respectively, from three judgments of the same court (one as to each defendant), rendered April 5, 2012, convicting each of them of violating Social Services Law § 366-f (1) (b), after the same nonjury trial, and imposing sentence, and (5) by the defendant Jan Gilbert from a judgment of the same court rendered February 28, 2012, convicting him of offering a false instrument for filing in the second degree (two counts), after the same nonjury trial, and imposing sentence.

Ordered that the judgments, as amended, and the judgments are affirmed.

The defendants' contention that the convictions of violating Social Services Law § 366-f (1) (b) were not supported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the convictions.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 346 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdicts of guilt as to all of the crimes were not against the weight of the evidence (*see People v Romero*,

7 NY3d 633 [2006]).

The defendants' contention that the verdicts are repugnant is without merit (*see People v Tucker*, 55 NY2d 1, 4 [1981]; *People v Payne*, 40 AD3d 660 [2007]), since the acquittals on the counts of offering a false instrument for filing in the first degree (Penal Law § 175.35) did not necessarily negate an essential element of the crime of violating Social Services Law § 366-f (1) (b) (*see People v Muhammad*, 17 NY3d 532, 542-543 [2011]).

The defendants contend that the convictions of offering a false instrument for filing in the second degree (Penal Law § 175.30) cannot stand because the written instruments at issue, bills for medical care submitted to the New York State Medicaid program, contained a certain certification that, while required by the State, was not mandated by an administrative rule promulgated pursuant to the State Administrative Procedure Act. However, this contention is without merit. Penal Law § 175.30 merely requires the knowing submission of a false "written instrument." The statute does not require that the language contained in the "written instrument" be mandated pursuant to a duly promulgated rule or regulation.

The defendants' remaining contentions are without merit. Rivera, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.