# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**407**
**CA 15-01387**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND TROUTMAN, JJ.

---

RANDY SMITHERS, PLAINTIFF-APPELLANT,

                           V                                   MEMORANDUM AND ORDER

COUNTY OF ONEIDA, DEFENDANT-RESPONDENT.

---

MARK A. WOLBER, UTICA, FOR PLAINTIFF-APPELLANT.

HILTON ESTATE & ELDER LAW, LLC, BOONVILLE (JAMES S. RIZZO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered May 17, 2015. The order, inter alia, granted defendant summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this malicious prosecution action after a Town Justice dismissed a criminal information charging him with public lewdness (Penal Law § 245.00). The Town Justice concluded that the evidence at the bench trial was legally insufficient to establish that plaintiff engaged in a lewd act when he exposed his genitals to his neighbors on a public street. Defendant moved to dismiss the complaint pursuant to CPLR 3211 or, in the alternative, for summary judgment dismissing the complaint pursuant to CPLR 3212. Supreme Court denied the motion insofar as it sought to dismiss the complaint but granted the motion insofar as it sought summary judgment dismissing the complaint. We affirm.

We reject plaintiff's contention that the court was required to give the parties notice that it was treating the motion as one for summary judgment. "[A] court may treat a motion to dismiss as a motion for summary judgment when the parties have otherwise received adequate notice by expressly seeking summary judgment or submitting facts and arguments clearly indicating that they were deliberately charting a summary judgment course" (*Village of Webster v Monroe County Water Auth.*, 269 AD2d 781, 782 [internal quotation marks omitted]; *see generally Mihlovan v Grozavu*, 72 NY2d 506, 508). Here, plaintiff was on notice that defendant was seeking summary judgment in the alternative and, indeed, opposed that part of the motion.

Contrary to plaintiff's further contention, the court properly granted the motion. A plaintiff asserting a cause of action for

malicious prosecution must demonstrate " 'that a criminal proceeding was commenced; that it was terminated in favor of the accused; that it lacked probable cause; and that the proceeding was brought out of actual malice' " (*Kirchner v County of Niagara*, 107 AD3d 1620, 1621; *see Engel v CBS, Inc.*, 93 NY2d 195, 204).  In support of its motion, defendant established that it had probable cause to charge plaintiff with public lewdness (*see generally Zetes v Stephens*, 108 AD3d 1014, 1015-1016).  "Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (*Colon v City of New York*, 60 NY2d 78, 82, *rearg denied* 61 NY2d 670).  In her supporting deposition given to the Sheriff, the complainant stated that she and her husband stopped walking to let plaintiff and his dog walk past them, and plaintiff stopped and said "what is your problem."  Plaintiff said something else the complainant did not understand before he unzipped his jeans, "pulled his penis out[,] stood there with his penis in his hand[,] and yelled something" else at them.  While the Town Justice concluded that the statute required the exposure of genitals in the context of sexual activity, the statute in fact prohibits the exposure of the private or intimate parts of a person's body "in a lewd manner" (Penal Law § 245.00).  The allegations by the complainant showed that plaintiff "did not merely expose his private parts, but did so in an offensive manner," which was "sufficient to establish the 'lewd manner' element of public lewdness" (*Matter of Carlos R.*, 78 AD3d 461, 461; *see Matter of Tyrone G.*, 74 AD3d 671, 671; *Matter of Jeffrey V.*, 185 AD2d 241, 241-242).  The information provided by the complainant was therefore sufficient to provide the Sheriff with probable cause to arrest plaintiff and charge him with public lewdness (*see generally Lyman v Town of Amherst*, 74 AD3d 1842, 1843).  In opposition to the motion, plaintiff failed to raise a triable issue of fact whether defendant had probable cause to commence the criminal prosecution (*see generally Zetes*, 108 AD3d at 1016).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court