■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARDO R. FALCON, Appellant. [39 NYS3d 480]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered May 14, 2015, convicting him of failure to register and verify as a sex offender, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted in 2000, in the City of Newburgh Justice Court, of attempted rape in the third degree (*see* Penal Law §§ 110.00, 130.25). In December 2014, he pleaded guilty in Dutchess County to the crime of failure to register and verify as a sex offender (*see* Correction Law § 168-t). The 2014 charge arose from the defendant's failure to notify the Division of Criminal Justice Services (hereinafter the DCJS) within 10 days of his change of address in the summer of 2014 (*see* Correction Law § 168-f [4]). Before sentence was imposed, however, the defendant moved to withdraw his plea pursuant to CPL 220.60 (3). He contended that after he was convicted of attempted rape in the third degree, he was never validly determined to be a level three sex offender under the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA). Instead, in violation of his right to due process of law, he was merely informed that he was being classified as a level three sex offender under SORA (*see People v David W.*, 95 NY2d 130 [2000]). Under these circumstances, the defendant insisted, he could not be guilty of failure to comply with SORA's registration and verification requirements. The County Court denied the defendant's motion to withdraw his plea, and it sentenced him in accord with the plea agreement. The defendant appeals.

"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (*People v Howard*, 109 AD3d 487, 487 [2013]; *see People v Crawford*, 106 AD3d 832, 833 [2013]). Here, the County Court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his plea.

The defendant became a "sex offender" (Correction Law § 168-a [1]) upon his conviction of a "sex offense" (Correction Law § 168-a [2] [a] [i]). This conviction triggered certain reporting and verification requirements, including the requirement that the defendant notify the DCJS of any change of address within 10 days (*see* Correction Law § 168-f [4]). Moreover, this particular requirement applies to all sex offenders and exists independently of any risk level determination under Correction Law § 168-n (2). Thus, the defendant's admitted failure to notify the DCJS of his new address within 10 days constituted

a violation of his reporting requirements under Correction Law §§ 168-f (4) and 168-t, even assuming that the defendant's level three classification was made in violation of due process (*see People v Willette*, 290 AD2d 576, 577-578 [2002]). Accordingly, the County Court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his plea.

The defendant's remaining contention is not properly before this Court. Balkin, J.P., Dickerson, Cohen and Brathwaite Nelson, JJ., concur.