*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017                523667
_____

CORNELIUS J. MAHONEY et al.,
                    Respondents,
        v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Appellant.
_____

Calendar Date:  January 13, 2017

Before:  Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.

_____

        Eric T. Schneiderman, Attorney General, Albany (Jonathan D. Hitsous of counsel), for appellant.

        Cappello & Linden, Potsdam (Roger B. Linden of counsel), for respondents.

_____

Peters, P.J.

        Appeals (1) from a decision of the Court of Claims (Midey Jr., J.), entered October 15, 2015, following a bifurcated trial in favor of claimant Cornelius J. Mahoney on the issue of liability, and (2) from the judgment entered thereon.

        Claimant Cornelius J. Mahoney (hereinafter claimant) is the owner and sole shareholder of a used car dealership in the Village of Canton, St. Lawrence County.  Many of the vehicles that claimant sold were imported from Canada for resale in New York.  Because most Canadian cars measure distance in kilometers, claimant would use one of several companies to have a vehicle's odometer converted from kilometers to miles prior to resale.  Upon selling a vehicle, the dealership would assist the customer in registering the vehicle.  Erin Hayes, claimant's

daughter and office manager, was responsible for filing the registration paperwork with the Department of Motor Vehicles (hereinafter DMV) at its Canton branch office.

In 2001, an employee at DMV's Canton branch informed Hayes of a new requirement for the registration of vehicles imported from Canada — the filing of an "odometer conversion statement" identifying the vehicle and setting forth the odometer conversion from kilometers to miles. Although there was no specific form to be used for such statement, Hayes was advised that it had to be on letterhead and come from the business that performed the conversion. At that time, claimant had been using two companies, Online Speedometer and SpeedoMax, to perform the odometer conversions. When Online Speedometer went out of business in spring 2001, however, Hayes was unable to obtain the necessary odometer conversion statements from it for the vehicles on which that company had already performed the conversion. To address the inability to obtain odometer conversion statements from Online Speedometer, claimant directed Hayes to create odometer conversion statements containing SpeedoMax letterhead, the conversion company that the dealership was currently using, on which the required information would be provided.

In March 2003, an investigator in DMV's Odometer Fraud Unit contacted the State Police after receiving a report of a suspicious speedometer calibration certification that had been filed with the Canton DMV. Following an investigation conducted primarily by Investigator James DiSalvo, claimant was charged with 51 counts of offering a false instrument for filing, brought in three groups in May, June and July 2003, related to the filing of odometer conversion statements by his dealership. In August 2003, claimant was also charged with one count of grand larceny in the fourth degree and criminal possession of a forged instrument in the second degree stemming from allegations that he, respectively, furnished a customer with an extended warranty that never became effective and a falsified odometer conversion statement. For the June and August sets of charges, the police obtained and executed a warrant for claimant's arrest.

In 2004, all charges were dismissed on speedy trial grounds (see CPL 30.30). Shortly thereafter, claimants commenced this

action against defendant for, among other things, malicious prosecution and false arrest. Following a bifurcated trial on the issue of liability, the Court of Claims found, insofar as is relevant here, that the charges filed in May and June 2003 were supported by probable cause, while the July and August 2003 charges were not. Accordingly, the court found that defendant was liable for malicious prosecution and false arrest with respect to the July and August 2003 sets of charges.[1] Defendant now appeals from the decision of the Court of Claims and the judgment entered thereon.[2]

Because this is "an appeal from a judgment issued after a nonjury trial, we are able to independently review the weight of the evidence and, while according appropriate deference to the trial judge's credibility assessments and factual findings, grant the judgment warranted by the record" (Williams v State of New York, 140 AD3d 1376, 1377 [2016] [internal quotation marks, ellipses and citations omitted]; see Medina v State of New York, 133 AD3d 943, 944 [2015], lv denied 27 NY3d 905 [2016]). It is fundamental that the lack of probable cause is an essential element of causes of action for false arrest and malicious prosecution (see De Lourdes Torres v Jones, 26 NY3d 742, 761 [2016]; Gisondi v Town of Harrison, 72 NY2d 280, 283 [1988]; Saunders v County of Washington, 255 AD2d 788, 789 [1998]; Brown v Roland, 215 AD2d 1000, 1001 [1995], lv dismissed 87 NY2d 861 [1995]). In the context of a false arrest or malicious

---

[1] The claim also sought to recover damages for abuse of process, defamation, constitutional deprivation, prima facie tort and false imprisonment of claimant's wife. These claims were either withdrawn following the trial or dismissed by the Court of Claims. The Court of Claims also dismissed all of the causes of action brought by the other named claimants. Claimants have not cross-appealed.

[2] Inasmuch as the decision does not constitute an appealable paper (see CPLR 5512 [a]; Smith v State of New York, 121 AD3d 1358, 1358 n [2014]), the appeal therefrom must be dismissed (see Haber v Gutmann, 64 AD3d 1106, 1109 [2009], lv denied 13 NY3d 711 [2009]).

prosecution claim, "[p]robable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe [claimant] guilty" (Colon v City of New York, 60 NY2d 78, 82 [1983]; see Smith v County of Nassau, 34 NY2d 18, 25 [1974]; Guntlow v Barbera, 76 AD3d 760, 762 [2010], appeal dismissed 15 NY3d 906 [2010]).  Notably, "[p]robable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed by the suspected individual" (De Lourdes Torres v Jones, 26 NY3d at 759 [internal quotation marks and citation omitted]). Furthermore, where, as here, an arrest warrant has been issued by a court of competent jurisdiction, there is "a presumption that the arrest was [made] on probable cause" (Broughton v State of New York, 37 NY2d 451, 458 [1975], cert denied 423 US 929 [1975]; see Dann v Auburn Police Dept., 138 AD3d 1468, 1470 [2016], lv denied 141 AD3d 1124 [2016]).

Applying these principles to the matter before us, we conclude that the Court of Claims' probable cause findings with regard to the July and August 2003 charges were in error.  With respect to the July 2003 charges, "[a] person is guilty of offering a false instrument for filing in the first degree when[,] knowing that a written instrument contains a false statement or false information, and with intent to defraud the state . . ., he or she offers or presents it to a public office . . . with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office" (Penal Law § 175.35 [1]).  Here, claimant's sworn statements to police establish that he directed Hayes to create odometer conversion statements on falsified SpeedoMax letterhead and then caused such statements to be filed with DMV while registering vehicles sold through his dealership. Indeed, Hayes confirmed claimant's role in the operation and gave police the electronic template that she had created for the SpeedoMax letterhead.

The Court of Claims found that such facts gave rise to probable cause to arrest and prosecute claimant on the May and June 2003 sets of charges.  Yet, the court concluded that DiSalvo's knowledge as of July 2003 that claimant had no legal

duty to file odometer conversion statements with DMV, and his failure to divulge this information to the court when applying for an arrest warrant for the 11 additional counts of offering a false statement, eviscerated the probable cause that otherwise supported the charges and claimant's arrest. This was error. Simply put, a legal duty to file an instrument is not an element of the offense of filing a false instrument (see Penal Law § 175.35). Thus, "a finding as to whether [claimant] was required to file such instrument is irrelevant to the determination that the instrument filed was false" (People v Willette, 290 AD2d 576, 578 [2002], lv denied 97 NY2d 763 [2002]; see People v Isakov, 120 AD3d 589, 591 [2014]; see generally Gisondi v Town of Harrison, 72 NY2d at 284-285).[3] Accordingly, DiSalvo's failure to disclose this information could have no bearing on the ultimate issue of whether probable cause existed to believe that claimant committed a crime (see Gisondi v Town of Harrison, 72 NY2d at 285-286; Brown v Sears Roebuck & Co., 297 AD2d 205, 211 [2002]; Manno v State of New York, 176 AD2d 1222, 1223 [1991]; Davis v State of New York, 124 AD2d 420, 422-423 [1986]).

Nor does the record support the finding of the Court of Claims that DiSalvo knew after his June 25, 2003 meeting with the District Attorney's office that the pending May and June 2003 charges would be dismissed. To be sure, while DiSalvo had an "impression" that such charges would be dismissed based on that meeting, the record reflects that the officials of that office "never told [DiSalvo] that they were going to dismiss the case." Moreover, an Assistant District Attorney specifically instructed

---

[3] Claimant argues that defendant may not now assert the irrelevancy of the lack of a legal duty to file the documents because it did not specifically make such argument before the Court of Claims. However, defendant merely recites governing law, and its contention in this regard appeared on the face of the record and could not have been avoided if brought to the attention of the court (see People ex rel. Roides v Smith, 67 NY2d 899, 901 [1986]; Paolicelli v Fieldbridge Assoc., LLC, 120 AD3d 643, 645 [2014]; Matter of Persing v Coughlin, 214 AD2d 145, 148-149 [1995]).

DiSalvo to "move forward" with respect to the July 2003 charges and the arrest warrant. In any event, such information would not have undermined the probable cause for the new charges brought in July 2003 and the procurement of the arrest warrant for claimant, all of which were, as previously observed, supported by probable cause (see Callan v State of New York, 73 NY2d 731, 732 [1988], revd for reasons stated in dissenting op 134 AD2d 882, 883-884 [1987]; see also People v McEaddy, 20 AD3d 585, 586 [2005]; People v Putsis, 217 AD2d 670, 670-671 [1995], lv denied 87 NY2d 850 [1995]).

Claimant further failed to demonstrate that the State Police acted unlawfully in pursuing the August 2003 charges. As relevant here, a person is guilty of criminal possession of a forged instrument in the second degree when he or she "possess[es] a written instrument . . . filed with a public office . . . 'with knowledge that it is forged and with intent to defraud, deceive or injure another'" (People v Briggins, 50 NY2d 302, 305 [1980], quoting Penal Law § 170.25; see Penal Law § 170.10 [2], [3]). Claimant provided a customer with an odometer conversion statement that displayed SpeedoMax letterhead, but referred to a conversion that predated SpeedoMax's existence. Indeed, there was no dispute at trial that the conversion statement that claimant provided to this customer contained false information (see People v Smith, 138 AD3d 1248, 1250 [2016], lv denied 27 NY3d 1139 [2016]). Claimant's knowledge that the document was forged was established by the undisputed proof that he instructed Hayes to create the falsified letterhead and insisted that vehicles not serviced by SpeedoMax be included on such letterhead in order to meet what he believed to be the local DMV's registration requirement. Further, claimant's intent to defraud could be readily inferred from the act itself as well as his conduct and the surrounding circumstances (see People v Rodriguez, 71 AD3d 450, 452 [2010], affd 17 NY3d 486 [2011]). As with the offering a false instrument for filing charges, whether claimant was required to file the document in question is irrelevant; for purposes of the crime of criminal possession of a forged instrument in the second degree, there need only be proof that the instrument in question is false and has been filed (see Penal Law §§ 170.25, 170.10 [2]).

Claimant's charge and arrest for grand larceny in the fourth degree were also based on probable cause. A person is guilty of such offense "when he [or she] steals property and when . . . [t]he value of the property exceeds [$1,000]" (Penal Law § 155.30 [1]). Prior to lodging this charge and arresting claimant, the police had statements from claimant's customers that, despite having paid claimant for a warranty on their automobile in February 2003 when they bought their vehicle from his dealership, as of July 2003 they still had no warranty and claimant had not offered to refund the money. It is well settled that, "[g]enerally, information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest" (Masciello v Incorporated Vil. of Lloyd Harbor, 140 AD3d 834, 835 [2016] [internal quotation marks and citation omitted], lv denied 28 NY3d 906 [2016]; see Smithers v County of Oneida, 138 AD3d 1504, 1505 [2016]; Romero v State of New York, 294 AD2d 730, 732 [2002], appeal dismissed 98 NY2d 727 [2002], lv denied 99 NY2d 503 [2002]). Although the statements did not specifically name claimant as the one who sold the warranty to these customers, claimant testified that, as the owner of the dealership, he was personally involved in all aspects of his business. The police were aware of this and, therefore, could reasonably conclude that claimant bore ultimate responsibility (see generally People v Mattiace, 77 NY2d 269, 271 [1990]). Armed with knowledge that the complaining customers had neither a warranty nor a refund, police had probable cause to believe that claimant intended "to permanently deprive" the customers of their warranty money (People v Medina, 18 NY3d 98, 105 [2011]; see People v Allen, 132 AD3d 1156, 1157 [2015], lv denied 26 NY3d 1107 [2016]).

In addition, DiSalvo and another officer had received a letter from the successor to the warranty company stating that a preliminary search revealed no record of a warranty issued to those customers. Although the successor company cautioned DiSalvo that the search was not conclusive, "conflicting evidence uncovered in the course of the police investigation" is "relevant to the issue of whether guilt beyond a reasonable doubt could [be] proven at a criminal trial, not to the initial determination of the existence of probable cause" (Williams v City of New York, 114 AD3d 852, 854 [2014] [internal quotation marks and citation

omitted]; see De Lourdes Torres v Jones, 26 NY3d at 761). Moreover, the mere fact that the letter noted that the record search was not necessarily conclusive does not establish that police improperly concealed it (see Gisondi v Town of Harrison, 72 NY2d at 284-285; Batten v City of New York, 133 AD3d 803, 806 [2015], lv denied 28 NY3d 902 [2016]). While the Court of Claims also stressed that DiSalvo failed to inform the court that issued the arrest warrant for claimant that he had attempted to pay the warranty company, nothing in the record suggests that DiSalvo knew about this payment attempt at that time.

While DiSalvo's investigation and pursuit of claimant can fairly be characterized as overzealous and, at times, relentless, any purported malicious motive on the part of DiSalvo is irrelevant to the claims at issue here given that probable cause existed for claimant's arrest and the charges lodged against him (see Broughton v State of New York, 37 NY2d at 458-459; Besson v Southard, 10 NY 236, 239 [1851]; Restey v Higgins, 252 AD2d 954, 955 [1998]). On this record, we conclude that claimant failed to meet the "heavy burden" (Smith-Hunter v Harvey, 95 NY2d 191, 195 [2000]) of establishing "that the police conduct deviated egregiously from statutory requirements or accepted practices" to rebut the presumption of probable cause for the July and August 2003 sets of charges (Gisondi v Town of Harrison, 72 NY2d at 285; see Batten v City of New York, 133 AD3d at 806). Accordingly, the causes of action alleging malicious prosecution and false imprisonment related to those charges must be dismissed (see Gisondi v Town of Harrison, 72 NY2d at 283; Martinez v City of Schenectady, 276 AD2d 993, 996 [2000], affd 97 NY2d 78 [2001]), thereby necessitating the dismissal of the claim in its entirety.

Lynch, Devine, Clark and Aarons, JJ., concur.


ORDERED that the appeal from the decision is dismissed, without costs.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as found defendant liable on claimant's malicious prosecution and false arrest causes of action with regard to the third and fourth sets of criminal charges; claim is dismissed in its entirety; and, as so, modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court