Owen v State of New York (2018 NY Slip Op 02956)





Owen v State of New York


2018 NY Slip Op 02956


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, AND WINSLOW, JJ.


337 CA 17-01817

[*1]DOUGLAS W. OWEN, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 123416.) (APPEAL NO. 2.) 






DAVID A. LONGERETTA, UTICA, FOR CLAIMANT-APPELLANT. 
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Court of Claims (Francis T. Collins, J.), entered July 12, 2016. The judgment dismissed the claim. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: On August 18, 2013, at approximately 12:40 a.m., claimant was arrested by a New York State Trooper (Trooper) at a sobriety checkpoint for several minor violations of the Vehicle and Traffic Law and on suspicion of driving while intoxicated (DWI). A hospital blood draw taken two hours later revealed that claimant had a blood alcohol content of 0.00%. Claimant commenced this action alleging, inter alia, false imprisonment/arrest, malicious prosecution, and negligent supervision and training. Following a trial, the Court of Claims dismissed the claim. We affirm.
Contrary to claimant's contention, the court properly dismissed his claims for false imprisonment/arrest and malicious prosecution. Those claims required claimant to establish as a necessary element that the Trooper did not have probable cause to arrest him for DWI (see De Lourdes Torres v Jones, 26 NY3d 742, 761 [2016]; Mahoney v State of New York, 147 AD3d 1289, 1291 [3d Dept 2017]), and claimant failed to establish that element. Here, the Trooper testified that he initially asked claimant to pull over to allow other cars to pass because he needed time to write a ticket for the traffic violation of a missing registration sticker and to test claimant's window tint. The Trooper observed that claimant had bloodshot eyes, slurred speech, and a flushed face. The Trooper's supervising officer also testified that he observed claimant with watery eyes and smelled alcohol. He further testified that claimant deliberately paused three to four seconds after each question he was asked and refused to make eye contact. Viewing the above evidence in the light most favorable to sustain the judgment and giving due deference to the court's determinations in this nonjury trial regarding witness credibility (see A & M Global Mgmt. Corp. v Northtown Urology Assocs., P.C., 115 AD3d 1283, 1286 [4th Dept 2014]), we conclude that the court properly determined that claimant's arrest for DWI was supported by probable cause.
Contrary to claimant's further contention, the court did not err in dismissing his claim for negligent supervision and training. A claim that defendant, as an employer, was "negligent in failing to properly interview, hire, train, supervise, and monitor' its employees . . . does not lie where, as here, the employee is acting within the scope of his or her employment, thereby rendering the employer liable for damages caused by the employee's negligence under the [alternative] theory of respondeat superior' " (Drisdom v Niagara Falls Mem. Med. Ctr., 53 AD3d 1142, 1143 [4th Dept 2008]). Inasmuch as the Trooper and his supervising officer were acting within the scope of their employment, which claimant does not dispute, the claim of [*2]negligent training and supervision must fail (see Ruiz v Cope, 119 AD3d 1333, 1335 [4th Dept 2014]; Leftenant v City of New York, 70 AD3d 596, 597 [1st Dept 2010]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court