People v Jacinto-Ordonez (2021 NY Slip Op 03070)





People v Jacinto-Ordonez


2021 NY Slip Op 03070


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-07748

[*1]People of State of New York, respondent,
v
Oswaldo Jacinto-Ordonez, appellant. Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel), for appellant.


Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated March 4, 2020, which, after a hearing designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, after a hearing, assessed the defendant 95 points and designated him a level two sex offender. On appeal, the defendant challenges the assessment of 25 points under risk factor 2 (sexual contact with victim) (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, Sex Offender Guidelines at I [Factor 2] [2006]), arguing that his purported admissions during sex offender treatment did not constitute "reliable hearsay" (Correction Law § 168-n[3]; see People v Mingo, 12 NY3d 563, 574).
The defendant waived his objection to the admissibility of the Sex Offender Counseling and Treatment Program records at the SORA hearing by expressly declining to object to their admission and by then relying upon other statements within the same records (see Smith v Sommer, 189 AD3d 906, 908; see also People v Honghirun, 133 AD3d 882, 883, affd 29 NY3d 284; People v Gary, 115 AD3d 760, 761, affd 26 NY3d 1017). Further, the Supreme Court properly credited those statements and determined that the People presented clear and convincing evidence of sexual intercourse so as to warrant the assessment of 25 points under risk factor 2 (see People v Parris, 153 AD3d 68, 82-83).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court