■ JAMES BURGIO, Appellant, v BRANDON INCE, as Monroe County Deputy Sheriff, Respondent, et al., Defendants. [913 NYS2d 864]—

Appeal from an amended judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered October 7, 2009. The amended judgment and order, insofar as appealed from, granted the motion of defendant Monroe County Deputy Sheriff Brandon Ince for summary judgment on plaintiff's cause of action for false arrest.

It is hereby ordered that the amended judgment and order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant Monroe County Deputy Sheriff Brandon Ince is denied, and the claim for false arrest against that defendant is reinstated.

Memorandum: Plaintiff, an employee at the Greater Rochester International Airport, was arrested on a charge of petit larceny by Monroe County Deputy Sheriff Brandon Ince (defendant) and commenced this action alleging, inter alia, false arrest on the part of defendant. Defendants moved for summary judgment dismissing the complaint and, with respect to defendant, Supreme Court initially granted only that part of the motion with respect to the claim for false arrest against him. The court, however, thereafter issued an amended judgment and order granting that part of the motion with respect to defendant in its entirety, thus dismissing the complaint against him. In the exercise of our discretion, we treat the notice of appeal as valid, and we deem the appeal as taken from the amended judgment and order (*see Matter of Nico S.C.*, 70 AD3d 1474 [2010]; *see also* CPLR 5520 [c]). We reverse the amended judgment and order insofar as appealed from.

In support of the motion with respect to the claim against defendant for false arrest, defendant contended that the arrest was privileged, while plaintiff contended in opposition that the arrest was not supported by probable cause.

With respect to a cause of action for false arrest or false imprisonment (*see generally Guntlow v Barbera*, 76 AD3d 760 [2010], *appeal dismissed* 15 NY3d 906 [2010]), the elements are that "the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged. The existence of probable cause serves as a legal justification for the arrest and an affirmative defense to the claim" (*Martinez v City of Schenectady*, 97 NY2d 78, 85 [2001], citing *Broughton v State of New York*, 37 NY2d 451, 458 [1975]). Where, as here, an arrest is made without a warrant, it is presumed that the arrest was unlawful and defendant is required to establish the affirmative defense of probable cause (*see Lynn v State of New York*, 33 AD3d 673, 674 [2006]; *Wallace v City of Albany*, 283 AD2d 872, 873 [2001]). Thus, in order to prevail on that part of the motion with respect to false arrest, defendant was required to show that there was probable cause for the arrest in order to meet his initial burden. "[T]he issue of probable cause is a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn from such facts. Where there is 'conflicting evidence, from which reasonable persons might draw different inferences[,] . . . the question [is] for the jury' " (*Parkin v Cornell Univ.*, 78 NY2d 523, 529 [1991], quoting *Veras v Truth Verification Corp.*, 87 AD2d 381, 384 [1982], *affd* 57 NY2d 947

[1982]). Here, there are issues of fact concerning the existence of probable cause that preclude defendant's entitlement to summary judgment as a matter of law.

Initially, we reject plaintiff's contention that the *Aguilar-Spinelli* test to determine the knowledge and reliability of witnesses applies to this case (*cf. Guntlow*, 76 AD3d 760 [2010]). Although the record does not unequivocally establish the identity of an airport communications employee who provided defendant with information pertaining to the surveillance footage, the record does establish that such person was neither a confidential informant nor an anonymous source. Therefore, because defendant's information was provided by a private identifiable citizen, we conclude that the *Aguilar-Spinelli* test does not apply (*see People v Hicks*, 38 NY2d 90, 94 [1975]). We agree with plaintiff, however, that defendant failed to establish the affirmative defense of probable cause as a matter of law. As the Court of Appeals wrote in *Smith v County of Nassau* (34 NY2d 18, 24 [1974]), "[w]here an officer, in good faith, believes that a person is guilty of a felony, and his [or her] belief rests on such grounds as would induce an ordinarily prudent and cautious [person], under the circumstances, to believe likewise, [the officer] has such probable cause for [that] belief as would justify him [or her] in arresting without a warrant" (internal quotation marks omitted).

Here, although it is undisputed that video surveillance footage shows plaintiff reaching into the area of a tip jar from which money was stolen, defendant concedes that it is impossible to discern whether plaintiff took anything from the jar, and it cannot be said as a matter of law that plaintiff's routine gesture in reaching into that area itself provides sufficient probable cause (*see People v Russell*, 34 NY2d 261, 263-264 [1974]).

Moreover, the deposition testimony of various witnesses contradicts the version provided by defendant of his investigation, raising issues of credibility that preclude summary judgment. Notably, although defendant testified at his deposition that a certain employee told him that she had "no interaction" with the man later discovered to be plaintiff, that employee testified that she could not recall having such a conversation with defendant. She further testified that, before she had noticed that the money was missing from the tip jar, she had handed a plastic utensil to a man, and that man's hand necessarily would have passed by the tip jar. In addition, the deposition testimony of defendant that he was informed by a manager of the kiosk that the video surveillance footage showed a person taking the money is contradicted by the deposition testimony of

the manager, wherein he testified that he did not in fact observe anyone taking the money in the video. Finally, the record establishes that the surveillance footage itself, which was "time lapsed" to show a few moments before and after plaintiff's reach, contains multiple gaps of several seconds and shows other people in the vicinity of the tip jar. For the foregoing reasons, we conclude that triable issues of fact preclude summary judgment in defendant's favor on the issue of probable cause (*see Parkin*, 78 NY2d at 529). Present—Scudder, P.J., Carni, Lindley, Pine and Gorski, JJ.