Sanseviro v. State of New York, et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
              Circuit Judges,
         LEWIS A. KAPLAN,[*]
              District Judge.

- - - - - - - - - - - - - - - - - - - - - - - - -X
STUART SANSEVIRO,
         Plaintiff-Appellant,

         -v.-                                    16-454

STATE OF NEW YORK, EDWARD FRANKE, New York
State Police Investigator, JOHN DOES, 1-5 New
York State Police Officers, NEW YORK STATE
POLICE DEPARTMENT, State of New York, Police
Captain, State of New York, Police Senior
Investigator, JOHN DOES, 1-5 Nassau County
Assistant District Attorneys, JOHN DOE, The

---

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

customer who purchased the Rock River Arms LAR-15 rifle, Serial Number CM208678, NASSAU COUNTY, JOHN DOES, 1-8 New York State Police Investigator, MADELINE SINGAS, Acting District Attorney for Nassau County, ELISE MCCARTHY, Nassau County Assistant District Attorney, KAREN BENNETT, Nassau County Assistant District Attorney, TERESA CORRIGAN, former Nassau County Assistant District, CHARLES RIBANDO, Nassau County District Attorney Chief Investigator,
        Defendants-Appellees.[1]

- - - - - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**              ROBERT JAMES LA REDDOLA, La Reddola, Lester & Associates, LLP, Garden City, NY.

**FOR APPELLEES:**              ERIC DEL POZO (Barbara D. Underwood, Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, on the brief), Assistant Solicitor General, for Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

                               ROBERT F. VAN DER WAAG, Deputy County Attorney, for Carnell T. Foskey, Nassau County Attorney, Mineola, NY.

    Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, J.).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

---

[1] The Clerk of Court is directed to amend the case caption as set forth above.

2

Stuart Sanseviro appeals from the district court's grant of summary judgment dismissing his claims against New York State, the New York State Police Department ("NYSPD"), Nassau County, and various current and former employees of the NYSPD and Nassau County District Attorney's Office. We review de novo a district court's grant of summary judgment. Kulak v. City of N.Y., 88 F.3d 63, 71 (2d Cir. 1996). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

New York Penal Law § 265.10(3) prohibits the sale of assault weapons to the general public. Under § 265.20(a)(10), "dealers in firearms" are exempted from several provisions of the law, including § 265.10. However, this exemption is subject to the qualification that the term "firearm" as used in § 265.20(a)(10) does not include an assault weapon. N.Y. Penal Law § 265.20(a)(16). This qualification would appear to mean that "dealers in firearms" are not exempt from § 265.10(3)'s restriction on assault weapon sales. Otherwise, the qualification would be meaningless with respect to § 265.20(a)(10).

In the relevant period, an "assault weapon" was defined to include a semiautomatic rifle that had an ability to accept a detachable magazine and had at least two of the following characteristics: (i) a folding or telescoping stock; (ii) a pistol grip that protruded conspicuously beneath the action of the weapon; (iii) a bayonet mount; (iv) a flash suppressor or threaded barrel designed to accommodate a flash suppressor; and (v) a grenade launcher. N.Y. Penal Law § 265.00(22)(a).

In 2010, the New York State Gun Investigation Unit and Nassau County District Attorney's Office conducted a joint undercover investigation into the sale of assault weapons at gun dealerships throughout Nassau County. In August 2010, as part of this investigation, an undercover officer posing as a civilian purchased a Rock River Arms LAR-15 rifle from Sanseviro, who was working behind the counter at T&T Gunnery, a Long Island gun shop. Unrebutted evidence showed that Sanseviro sold the rifle without requiring the undercover officer to produce proof of his authority to possess or carry an assault weapon.

3

It is undisputed that the rifle sold by Sanseviro had the ability to accept a detachable magazine and featured a pistol grip that extended conspicuously below the action.  Thus, the rifle was one prohibited characteristic away from qualifying as an assault weapon under § 265.00(22)(a).  However, New York State Police Investigator Edward Franke demonstrated that two such characteristics could be revealed using common hand tools: the muzzle break could be unscrewed to expose a threaded barrel capable of accepting a flash suppressor, and the pin in the stock could be removed, rendering it collapsible.

Because the rifle could be tweaked with relative ease to produce an assault weapon, Sanseviro was arrested and charged with violating § 265.10(3).  He was also charged with violating § 400.00(12), which provides that "[b]efore delivering a firearm to any person," a gun dealer must "require him to produce either a license valid under this section to carry or possess the same, or proof of lawful authority as an exempt person pursuant to section 265.20."

In May 2012, the charges against Sanseviro were dismissed after a grand jury declined to indict T&T Gunnery and its principals on similar charges.

Following dismissal of the charges against him, Sanseviro brought the present action asserting various claims under 42 U.S.C. § 1983 and state law.  Sanseviro's federal claims included false arrest, malicious prosecution, violation of procedural due process, and failure to train and supervise.

The district court granted the appellees' motion for summary judgment and dismissed Sanseviro's federal claims, ruling that: (1) the claims against New York State, the NYSPD, and the individual state appellees in their official capacities were barred by the Eleventh Amendment; (2) the individual appellees were entitled to qualified immunity on the false arrest and malicious prosecution claims because they had arguable probable cause to arrest and prosecute Sanseviro; (3) the individual Nassau County appellees were also entitled to absolute immunity on the malicious prosecution claim because they were acting within the scope of their duties in initiating and pursuing a criminal prosecution against Sanseviro; (4) the

4

malicious prosecution claim was dismissible on the independent ground that evidence of actual malice was lacking; (5) Sanseviro failed to raise a triable issue of fact regarding his claim that Investigator Franke violated procedural due process by improperly modifying the rifle or otherwise fabricating evidence; and (6) Sanseviro failed to raise a triable issue of fact regarding his claim that supervisory appellees caused or enabled the violation of his legal rights. After dismissing Sanseviro's federal claims, the district court declined to exercise jurisdiction over his state law claims.

**1.** Sanseviro argues that the appellees do not enjoy immunity because they sought to enforce an allegedly novel and unsupportable interpretation of New York's gun laws (namely, that § 265.10(3) prohibited gun dealers from selling rifles with concealed assault weapon characteristics). He is incorrect. Appellees are entitled to at least qualified immunity for arresting and prosecuting Sanseviro.

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." White v. Pauly, 137 S. Ct. 548, 551 (2017) (per curiam) (internal quotation marks omitted). An official is entitled to qualified immunity where the arrest and prosecution are supported by "[a]rguable probable cause[, which] exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks omitted).

At the time of Sanseviro's arrest, it was not clearly established that § 265.00(22)(a) (defining "assault weapon") excluded rifles whose banned features were obscured or disguised. Nor was it clearly established that § 265.10(3) (prohibiting the sale of assault weapons to the general public) required knowledge of such features,[2] or that licensed firearms

---

[2] In any event, it was reasonable for appellees to believe that a gun shop employee, such as Sanseviro, would have been familiar with the features of the rifles he sold. See Zalaski v. City

5

dealers were exempt.[3]  Since an officer of reasonable competence could have concluded that Sanseviro violated the law, those involved in his arrest and prosecution are entitled to qualified immunity.[4]

**2.**    Sanseviro further argues that Investigator Franke violated procedural due process by exposing assault weapon features and thus making the sale appear illegal.  He contends that this constituted an improper distortion or fabrication of evidence.  However, Sanseviro offers no proof that Investigator Franke in any way distorted or fabricated evidence.  During the course of Sanseviro's arrest and prosecution, the condition of the rifle when purchased and the steps Investigator Franke took to expose its banned features were documented and disclosed, including to the grand jury and to the court that issued a search warrant.  There is no indication that Investigator Franke or any other appellee attempted to hide or misrepresent the tweaks made to the rifle.

Accordingly, and finding no merit in Sanseviro's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

of Hartford, 723 F.3d 382, 393 (2d Cir. 2013) ("[B]ecause the practical restraints on police in the field are greater with respect to ascertaining intent, the latitude accorded to officers considering the probable cause issue in the context of mens rea crimes must be correspondingly great." (internal quotation marks and alterations omitted)).

[3] In fact, it is logical to construe § 265.20(a)(10) and (16) as subjecting "dealers in firearms" to the restriction on assault weapon sales.  See supra.

[4] In view of this conclusion, we need not address the question of whether the current and former employees of the Nassau County District Attorney's Office are protected by absolute immunity.