■ ANTHONY MORRIS, Appellant, v CITY OF BUFFALO, Respondent. [57 NYS3d 588]—

Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered March 31, 2016. The order denied the motion of plaintiff for partial summary judgment, granted the motion of defendants for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action against defendants City of Buffalo and Officer Jose Lorenzo of the Buffalo Police Department, asserting that his civil rights under 42 USC § 1983 were violated by false arrest and malicious prosecution. Supreme Court denied plaintiff's motion for partial summary judgment on the issue of liability and granted defendants' motion for summary judgment dismissing the complaint. We affirm.

"An arresting officer is immune from a suit for damages if he

or she had arguable probable cause to arrest a plaintiff" (*Brown v Hoffman*, 122 AD3d 1149, 1150 [2014]). Arguable probable cause exists where "(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met" (*Sanseviro v New York*, 685 Fed Appx 75, 78 [2d Cir, Apr. 4, 2017, No. 16-454]).

Plaintiff was charged with, inter alia, possession of unstamped cigarettes for the purpose of sale, pursuant to Tax Law § 1814 (b). At a suppression hearing before Buffalo City Court, Lorenzo testified that he observed plaintiff give another man a cigarette in exchange for money, that plaintiff initially lied about the brand of cigarettes he possessed, and that two cartons of unstamped cigarettes were found in plaintiff's possession. We conclude that Lorenzo's testimony establishes, as a matter of law, that it was objectively reasonable for him to believe that there was probable cause to arrest plaintiff for a violation of section 1814 (b) (*see People v Maldonado*, 86 NY2d 631, 635 [1995]; *Fitzpatrick v Rosenthal*, 29 AD3d 24, 28 [2006], *lv denied* 6 NY3d 715 [2006]).

Contrary to plaintiff's further contention, City Court's decision to suppress evidence against him in a related criminal case has no preclusive effect in this civil action. City Court made no written findings on the issue of probable cause, the issue of arguable probable cause was never litigated before that court, and Lorenzo was not a party to the criminal case in any event (*see Brown v City of New York*, 60 NY2d 897, 898-899 [1983]; *Jenkins v City of New York*, 478 F3d 76, 85-86 [2d Cir 2007]). Present—Smith, J.P., Lindley, DeJoseph, NeMoyer and Curran, JJ.