Harmon v City of Buffalo (2020 NY Slip Op 05638)





Harmon v City of Buffalo


2020 NY Slip Op 05638


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


608 CA 19-01404

[*1]JAMES HARMON, PLAINTIFF-APPELLANT,
v
CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, TERRY CISZEK, STEPHEN MIKAC, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 






ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (DAVID E. GUTOWSKI OF COUNSEL), FOR PLAINTIFF-APPELLANT.
TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (ROBERT E. QUINN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered June 24, 2019. The order granted the motion of defendants City of Buffalo, Buffalo Police Department, Terry Ciszek and Stephen Mikac for summary judgment dismissing plaintiff's complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action asserting claims for, inter alia, false arrest, malicious prosecution, and the violation of his civil rights pursuant to 42 USC § 1983. This action stems from plaintiff's arrest for trespass (Penal Law § 140.05) and criminal mischief in the fourth degree (§ 145.00 [1]) for, among other things, pushing two garbage totes onto a neighboring driveway, thereby damaging sealant that had just been applied. The charges against plaintiff were eventually dismissed in Buffalo City Court because the misdemeanor information contained the incorrect address regarding where the incident occurred. City Court granted the People leave to re-present, but the People never did so. Plaintiff now appeals from an order granting the motion of defendants-respondents (defendants) for summary judgment dismissing the complaint against them, and we affirm.
As a preliminary matter, inasmuch as plaintiff raised in his appellate brief contentions concerning only the three claims identified above, he abandoned any contentions with respect to his other causes of action or claims (see Vassenelli v City of Syracuse, 138 AD3d 1471, 1476 [4th Dept 2016]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Contrary to plaintiff's contention, we conclude that Supreme Court properly granted the motion with respect to the claims for false arrest and malicious prosecution. "The existence of probable cause constitutes a complete defense to causes of action alleging false arrest . . . and malicious prosecution" (Paulos v City of New York, 122 AD3d 815, 817 [2d Dept 2014]; see Gisondi v Town of Harrison, 72 NY2d 280, 283 [1988]). "Generally, probable cause is established where an identified crime victim 'communicates to the arresting officer information affording a credible ground for believing the offense was committed and identifies the accused as the perpetrator' " (Paulos, 122 AD3d at 817). "[T]he issue of probable cause is a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn from such facts. Where there is 'conflicting evidence, from which reasonable persons might draw different inferences[,] . . . the question [is] for the jury' " (Parkin v Cornell Univ., 78 NY2d 523, 529 [1991]; see Burgio v Ince, 79 AD3d 1733, 1734 [4th Dept [*2]2010]).
Here, we conclude that defendants met their initial burden with respect to the false arrest and malicious prosecution claims of establishing that the officers had probable cause to arrest plaintiff (see Paulos, 122 AD3d at 817; Burgio, 79 AD3d at 1734; Martinez v Wegmans Food Mkts., 270 AD2d 834, 834 [4th Dept 2000], lv denied 95 NY2d 757 [2000]). Defendants' evidence on the motion, including the officers' deposition testimony, established that the officers had probable cause to arrest plaintiff based on the complainant's statements to them and plaintiff's own admissions to the officers that he had walked over and damaged the neighboring property. Defendants also submitted the deposition and General Municipal Law § 50-h hearing testimony of plaintiff, wherein plaintiff admitted that he cut away yellow caution tape that cordoned off the driveway, and that he both pushed the garbage totes and tossed a plastic children's pool onto the driveway.
In opposition to the motion, plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Specifically, plaintiff's self-serving, exculpatory testimony at his deposition and at the section 50-h hearing that, inter alia, he had not known there was sealant on the driveway and had no specific intent to cause damage did not raise an issue of fact with respect to probable cause (see Quigley v City of Auburn, 267 AD2d 978, 979-980 [4th Dept 1999]; see also Rasheed v New Star Fashions, 262 AD2d 623, 623 [2d Dept 1999]).
In light of the foregoing, we further conclude that defendants established that the officers are entitled to immunity from suit (see Morris v City of Buffalo, 151 AD3d 1723, 1723-1724 [4th Dept 2017]). We also note that plaintiff cannot establish a claim for malicious prosecution on the additional basis that "the dismissal [of the underlying criminal action] was not final and thus cannot support" such a claim (D'Amico v Correctional Med. Care, Inc., 120 AD3d 956, 962 [4th Dept 2014]; see also MacFawn v Kresler, 88 NY2d 859, 860 [1996]; Ward v Silverberg, 85 NY2d 993, 994 [1995]). Therefore, based on the above, the court properly granted the motion with respect to the false arrest and malicious prosecution claims.
Finally, we reject plaintiff's contention that the court erred in granting the motion with respect to the 42 USC § 1983 claim on the ground that issues of fact exist whether he was deprived of his constitutional rights when he was jailed overnight instead of being released with a desk appearance ticket. The issuance of a desk appearance ticket is not constitutionally required (see Bryant v City of New York, 404 F3d 128, 138 [2d Cir 2005]). We have examined plaintiff's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court