Priebe v Village of Newark Police Officer Matthew Colacino (2020 NY Slip Op 07755)





Priebe v Village of Newark Police Officer Matthew Colacino


2020 NY Slip Op 07755


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


690 CA 19-01698

[*1]JACK E. PRIEBE, PLAINTIFF-APPELLANT,
v
VILLAGE OF NEWARK POLICE OFFICER MATTHEW COLACINO, INDIVIDUALLY AND IN HIS CAPACITY AS A PATROLMAN/OFFICER OF VILLAGE OF NEWARK POLICE DEPARTMENT, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 






JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GOLDBERG SEGALLA LLP, ROCHESTER (PATRICK B. NAYLON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered January 28, 2019. The order granted the motion of defendant-respondent for summary judgment dismissing the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action asserting three causes of action, i.e., for false arrest and malicious prosecution, abuse of process, and intentional infliction of emotional distress. Supreme Court granted the motion of defendant-respondent (defendant) for summary judgment dismissing the complaint against him, and plaintiff appeals. We affirm.
As an initial matter, we note that plaintiff failed to present any argument on appeal with respect to his causes of action for abuse of process and intentional infliction of emotional distress. Consequently, we conclude that he has abandoned any challenge to the dismissal against defendant of those causes of action (see Bratge v Simons, 173 AD3d 1623, 1623-1624 [4th Dept 2019]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). Thus, only plaintiff's first cause of action insofar as it asserts against defendant claims for false arrest and malicious prosecution is at issue on this appeal.
" 'The existence of probable cause constitutes a complete defense to causes of action alleging false arrest . . . and malicious prosecution' " (Harmon v City of Buffalo, 187 AD3d 1644, 1644 [4th Dept 2020]; see Britt v Monachino, 73 AD3d 1462, 1462 [4th Dept 2010]; see generally De Lourdes Torres v Jones, 26 NY3d 742, 759-761 [2016]). "In the context of a false arrest or malicious prosecution claim, '[p]robable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe [the plaintiff] guilty' " (Mahoney v State of New York, 147 AD3d 1289, 1291 [3d Dept 2017], lv denied 30 NY3d 906 [2017], quoting Colon v City of New York, 60 NY2d 78, 82 [1983], rearg denied 61 NY2d 670 [1983]). Indeed, " '[p]robable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed' by the suspected individual, and probable cause must be judged under the totality of the circumstances" (De Lourdes Torres, 26 NY3d at 759).
Here, we conclude that, contrary to plaintiff's contention, the court properly granted defendant's motion with respect to the first cause of action. Defendant established his entitlement to summary judgment with respect to the claims asserted against him therein by [*2]submitting evidence demonstrating that he had probable cause to believe that plaintiff had committed harassment in the second degree (see Penal Law § 240.26 [1]; see also Harmon, 187 AD3d at 1645; Broyles v Town of Evans, 147 AD3d 1496, 1496-1497 [4th Dept 2017]), and plaintiff failed to raise an issue of fact in opposition.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court